DETERMINED IN THE

# SECOND DEPARTMENT,

AT

# GENERAL TERM,

## February, 1886.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES BENNER, Respondent, v. THE BOARD OF SUPERVISORS OF QUEENS COUNTY, Appellant.

*Examination of charges against a public officer by the governor—the costs and expenses, including counsel fees, are to be borne by the county—1874, chap. 323 — section 4 of article 15 of the Constitution does not apply to such an investigation.*

Chapter 323 of 1874, making appropriations for certain expenses of government and supplying deficiencies in former appropriations, contains the following provisions: "For William E. Randall, sheriff of Clinton county, in full for disbursements incurred by him on account of charges preferred against him to the governor, by whom, after investigation of the same, they were dismissed, the sum of one thousand dollars. Hereafter in all proceedings before the governor for the removal of any county officer upon charges preferred against him, *all the costs and expenses thereof, including those of taking* and printing the testimony thereon, shall be a county charge upon such county, and shall be audited and allowed by the board of supervisors." * * * In the case of Randall the district attorney had employed counsel to prosecute him, whose fees, as such, were included in the amount appropriated.

*Held,* that it was the intention of the legislature in subsequent cases to allow counsel fees to be included, as part of the costs and expenses, in the sum to be allowed by the board of supervisors.

That section 4 of article 15 of the Constitution, providing that the expenses which shall be incurred by any county in investigating and prosecuting any charge of bribery, shall be a charge against the State, has no application to

PEOPLE ex rel. BENNER *v.* SUPRS. QUEENS CO.   443

SECOND DEPARTMENT, FEBRUARY TERM, 1886.

investigations of the character referred to in the act of 1874, but only to cases in which the district attorney acts through the intervention of the grand jury. That the attorney general had power to employ counsel to assist in conducting such investigations,

APPEAL from an order made at a Special Term directing a peremptory *mandamus* to issue to the board of supervisors of Queens county, commanding them to audit and allow the relator's bill for services and disbursements amounting to $1,254. 85.

In 1883 one Benjamin W. Downing was district attorney for the county of Queens. On or about the eighth day of May, in that year, certain proceedings and investigations were taken and had concerning the said district attorney, by one J. Lee Smith and others, in conjunction with the relator, acting as attorney and counselor at law, which, on the twenty-fourth day of June, culminated in certain charges of bribery, with specifications, against and concerning said district attorney, being presented to the governor of the State, and prayer made that the same be investigated. From that time, May 8, 1883, until July 24, 1883, the relator had sole charge of all the proceedings concerning such charges, their investigation and prosecution; and after that date, at the request of the governor and the attorney general, the relator continued to be personally engaged in the proceedings, and substantially had charge thereof, performing numerous services, until the twenty-sixth day of October, 1883, when the charges so made were by the governor sustained and the said district attorney removed from the office held by him. The relator rendered a bill to the county of Queens for his expenses and charges, and asked that the same be audited and included in the next annual assessment-roll or tax levy, and levied and collected and paid over, by virtue of the statute hereafter referred to. The board of supervisors, before whom the matter came, declined to consider it or take any action, solely on the ground that the county was not liable therefor, making no question of the items of the relator's bill or its correctness.

*John J. Armstrong,* for the appellant.

*Henry C. Willcox,* for the respondent.

444 PEOPLE ex rel. BENNER v. SUPRS. QUEENS CO.

Second Department, February Term, 1886.

Barnard, P. J.:

The intent of that part of chapter 323, Laws of 1874, page 388, upon which the claim herein rests, is manifest from the appropriation which immediately precedes it. There had been an unsuccessful charge of malfeasance against the sheriff of Clinton county. The district attorney had employed counsel to prosecute. The investigation was referred by the governor to the county judge to take the proof and the sheriff had defended himself. All the bills were allowed, and then follows the words providing that in all proceedings thereafter before governors for the removal of any county officers upon charges preferred against him, "the costs and expenses thereof, including those of taking and printing the testimony therein, shall be a county charge upon such county." It is manifest that the section was passed to include a fair charge for a counsel fee under the term costs and expenses. It would also fall within the term taking the testimony, for that cannot be done without the aid of one trained to that pursuit by previous study of the rules of testimony. The objection, therefore, to the allowance of the counsel fee as not within the law is not well founded. The legislature had allowed similar charges, and then provided that thereafter the costs should be a county charge. The case is not within the provisions of the amendment to articles 15 and 16 of the State Constitution. By those articles bribery was made a high offense, and district attorneys were charged with the prosecution thereof in their several counties. This was intended only to be through the intervention of grand jurors, for the district attorney could act in no other way. He was to prosecute as district attorney, and the expenses in investigating and prosecuting charges of bribery committed in the county of such district attorney was to be charged against the State. The amendment was designed to meet cases of bribery, not alone upon the part of the county officers of such counties but all officers, executive, legislative and judicial as well. There was no prosecution by the district attorney within the spirit of those amendments. The power upon the part of the attorney general to employ special counsel in a case like this was not passed upon by the Court of Appeals in *Attorney General* v. *Continental Life Insurance Company* (88 N. Y., 571). It was only decided upon broad grounds that an allowance upon the distribution of assets

could not be made to the employees of the attorney general as special counsel. This case is different. The governor cannot take the testimony, and such onerous duties are charges upon the attorney general that he cannot always attend personally or by regular deputy. The legislature has given the attorney general power in certain cases to employ counsel to be paid out of the State treasury. (Chap. 357, Laws of 1848.) The power to employ is sufficient to meet this case and the law of 1874 puts the costs of the particular employment upon Queens county. It may be that there are parts of the bill which could be objected to. The county have litigated on the ground of non-liability.

The order should be affirmed, but with leave to the county of Queens to make an issue upon the bill or any part of it; no costs to either party on this appeal.

DYKMAN, J., concurred; PRATT, J., not sitting.

Order granting *mandamus* affirmed, with leave to defendant to make an issue upon the facts stated in moving papers.