The People of the State of New York ex rel. The Forest Commission, Appellant, *v*. Frank Campbell, Comptroller of the State of New York, Respondent. No. 1.

The Same *v*. The Same. No. 2.

1. Appeal — Review of Discretion. The quashing of writs of certiorari, on the specific ground that the relator had no power or authority to obtain or prosecute them, is not exempt from review on appeal, on the ground that it is an exercise of discretion.

2. Appeal — Final Order. A final order in a special proceeding, which determines the same, is reviewable in the Court of Appeals.

3. Forest Commission — Continuous Body. The forest commission has been a continuous body since its creation, under chapter 283 of the Laws of 1885, and proceedings instituted by it may be prosecuted and defended to final effect, the same as if the act of 1885 had not been repealed.

4. Certiorari — Code Civ. Pro. § 2127. A writ of certiorari, sued out in the name of the state on the relation of the forest commission, to review a decision canceling the title of the state to lands acquired at a

tax sale, is "by or in behalf of a person aggrieved," within the meaning of section 2127 of the Code of Civil Procedure.

5. Forest Commission as Relator. The forest commission, as relator in a writ of certiorari sued out in the name of the state, is not required to act in the names of the individual members composing it.

*People ex rel. Forest Com.* v. *Campbell*, 82 Hun, 338, 614, reversed.

(Argued February 1, 1897; decided March 2, 1897.)

Appeals from orders of the General Term of the Supreme Court in the third judicial department, entered January 8, 1895, which quashed writs of certiorari in each of the above-entitled proceedings.

Proceeding No. 1 was instituted to review the action of former Comptroller Wemple in canceling the sale of certain lands made to the state in 1877 within the limits of the forest preserve for unpaid taxes. This cancellation was granted upon the ground that certain taxes had been paid before the sale. Application was thereafter made to Comptroller Campbell, the successor of Comptroller Wemple, to set aside this cancellation of the state's title, and the same having been denied, the second proceeding seeks to review that action of the Comptroller.

At the General Term the respondent moved to quash the writs upon two grounds:

1. That the relator, The Forest Commission, is not the party aggrieved by the determination sought to be reviewed and is not entitled to sue out the writ.

2. That the relator, The Forest Commission, is not a body corporate and must act in the names of the individuals composing it.

This motion was granted without considering the merits and on the specific ground in each case "that the relator, The Forest Commission, has no power or authority in a case like this to obtain or prosecute such writ."

*William P. Cantwell* for appellant. The orders are appealable to this court. (*People ex rel.* v. *McCarthy*, 102 N. Y. 631; *People ex rel.* v. *Comrs.*, etc., 97 N. Y. 37.) The pro-

ceeding is on behalf of, and in the name of, the People of the State of New York. (L. 1885, ch. 283, § 11.) The forest commission is a governmental agency — a unit, acting as a corporation acts, by and through its aggregate character. Its powers are given, not to the commissioners, but to the commission. Its duties are imposed, not upon the individuals who compose it, but upon the commission itself. (Code Civ. Pro. §§ 605, 1313, 2146 ; L. 1893, ch. 43 ; 23 N. Y. 224; 54 Barb. 145 ; 7 Lans. 220 ; *People* v. *Turner,* 145 N. Y. 451.) No valid objection can be raised upon the ground that the forest commission and the comptroller, both being the servants and agents of the state, cannot antagonize or oppose each other in an action, or that a certiorari cannot be used by one department of the state government to review the action of another. (2 Jacob's Fisher's Dig. 1756, 1768 ; Code Civ. Pro. § 2120, subd. 2.) The argument " that any action or proceeding which the forest commission is by law authorized to prosecute must be so prosecuted either in the name of the People of the state, or in the names of the individuals composing the commission," is untenable. (*People ex rel.* v. *Coleman,* 41 Hun, 307 ; *People ex rel.* v. *Cholwell,* 6 Abb. Pr. 151 ; *People ex rel.* v. *Cook,* 62 Hun, 303.)

*Frank E. Smith* for respondent. The orders of the General Term are not appealable to this court. (*People ex rel.* v. *Stilwell,* 19 N. Y. 531 ; *People ex rel.* v. *Tax Comrs.,* 85 N. Y. 655 ; *People ex rel.* v. *Hill,* 53 N. Y. 547 ; *People ex rel.* v. *Comrs., etc., of Brooklyn,* 103 N. Y. 370.) The appeal to this court abated on the repeal of the law which created the forest commission. (L. 1895, ch. 395 ; Code Civ. Pro. §§ 1298, 1930.) The writs were properly quashed by the General Term as improvidently granted. (Code Civ. Pro. §§ 1929, 2127, 2129, 2130 ; *People ex rel. Comrs. of Land Office,* 135 N. Y. 447 ; L. 1885, ch. 283, § 11 ; L. 1893, ch. 332, § 112 ; *Suprs. of Galway* v. *Stimson,* 4 Hill, 136 ; *People ex rel.* v. *Bd. of Comrs.,* 97 N. Y. 37.) No questions relating to the merits of the orders made by the comptroller

are now before this court. (Code Civ. Pro. § 191; *Lake* v. *Gibson,* 2 N. Y. 188; *Wilkins* v. *Earle,* 46 N. Y. 358; *Hackett* v. *Belden,* 47 N. Y. 624; *Delaney* v. *Brett,* 51 N. Y. 78; *Peterson* v. *Swan,* 119 N. Y. 662.)

Bartlett, J.   This appeal calls upon us to determine the powers of the forest commission under the original act of its creation (Chap. 283, Laws of 1885) and subsequent legislation upon the same subject.

A brief statement of the facts will make clear the situation which led to the institution of these proceedings. At a tax sale in 1877 the comptroller bought in the property in question, being a part of the present forest preserve, and in June, 1881, executed a deed to the state, which was recorded on the 8th of June, 1882, in Franklin county.

In March, 1887, the People of the state of New York commenced an action in the Supreme Court against one Benton Turner to recover the possession of a quantity of saw logs cut by him upon the premises in question. While this action was pending in April, 1890, the defendant Turner, claiming to be the owner of the premises, applied to Comptroller Wemple to cancel the state's title under the sale of 1877 and the subsequent deed from the comptroller. This application was opposed before the comptroller by the forest commission on the ground that the pending action against Turner would determine the question of title between him and the state. Comptroller Wemple, following this suggestion, postponed the hearing.

In April, 1891, this action was decided in favor of the state, and the record therein was filed with the comptroller by the counsel for the forest commission, who insisted that the judgment was a complete answer to Turner's application. Comtroller Wemple's term of office expired on the 31st of December, 1891, and on that day he made the order canceling the state's title on Turner's original application.

Two preliminary objections to the hearing of this appeal are made by the respondent.

It is urged that the orders are not appealable, for the reason that the granting or withholding of the writ was wholly within the sound discretion of the court below, and the reasons which induced it to act or refrain from acting are not open to review. This objection is not well taken.   The writs were quashed on the specific ground that "the relator, the forest commission, has no power or authority in a case like this to obtain or prosecute such writ."

This is a final order in a special proceeding, and, as it determines the same, it is reviewable in this court. (*People ex rel. Vanderbilt* v. *Stilwell,* 19 N. Y. 532; *People ex rel. Mayor, etc.,* v. *McCarthy,* 102 N. Y. 631; *People ex rel. Second Avenue R. R. Co.* v. *Board of Comrs., etc.,* 97 N. Y. 37, 42.)

The second objection is to the effect that this appeal has abated by reason of the repeal of chapter 283 of the Laws of 1885, creating the commission, by chapter 395 of the Laws of 1895, whereby a new forest commission was created, without providing that the new board should be substituted for the old in pending suits, and that no motion has been made to revive these proceedings in the name of the new board.

It is true that, by the schedule of "Laws Repealed," annexed to chapter 398 of the Laws of 1895, it appears that chapter 283 of the Laws of 1885 is repealed, but it also appears, by the schedule annexed to chapter 332 of the Laws of 1893, that the law of 1885 was repealed at that time.   This repetition is obviously a mistake.

This objection is without force, however, for the reason that the Statutory Construction Law (Chap. 677, Laws 1892) contains general saving clauses as to all legislation carrying out the revision of the general laws.

Section 31 reads in part as follows, viz. :

" The repeal of a statute or a part thereof shall not affect or impair any act done or right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time such repeal takes effect, but the same may be asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if such repeal had not been effected ; and all actions

and proceedings, civil and criminal, commenced under or by virtue of any provision of a statute so repealed, and pending immediately prior to the taking effect of such repeal, may be prosecuted and defended to final effect in the same manner as they might if such provisions were not so repealed."

Section 32 contains the following : " The provisions of any chapter of the revision of the general laws, of which this chapter is a part, so far as they are substantially the same as those of laws existing at the time such chapter takes effect, shall be construed as a continuation of such laws, modified or amended according to the language employed in such provisions, and not as new enactments."

The policy of the legislature in treating repealing statutes as amendatory in character is further illustrated in this connection by enactments subsequent to these proceedings.   Chapter 488 of the Laws of 1892, section 276, being an act for the protection, preservation and propagation of fish, birds and wild animals in the state of New York, and the different counties thereof, and which is at the present time a part of the "Fisheries, Game and Forest Law," as existing January 1st, 1896. (1 R. S. [Banks' 9th ed.] p. 871.)   See, also, sections 304, 305 of the statute last referred to (pp. 931, 932).

We are of opinion that the forest commission since its creation under the Laws of 1885 has been a continuous body, and that all actions and proceedings instituted by it may be prosecuted and defended to final effect the same as if the act of 1885 had not been repealed.

We, therefore, overrule the preliminary objections to the hearing of this appeal, and come to the consideration of the merits.

The respondent insists that the forest commission is not a party aggrieved under section 2127 of the Code of Civil Procedure, which provides that " an application for a writ must be made by or in behalf of the person aggrieved by the determination to be reviewed."   Also, that the commission is not a body corporate, and must act in the names of the individuals composing it.

These points will be considered together.

It is necessary to determine the precise powers conferred upon the forest commission by chapter 283 of the Laws of 1885. The first section of the act creates the commission; the seventh section defines what lands shall be known as the forest preserve, and the ninth section declares " the forest commission shall have the care, custody, control and superintendence of the forest preserve." The subsequent provisions of the act confer numerous and detailed powers upon the commission, but those bearing upon this case are to be found in section 11, which provides, among other things, as follows : " The forest commission may bring in the name, or on behalf of the People of the state of New York, any action to prevent injury to the forest preserve or trespass thereon, to recover damages for such injury or trespass, to recover lands properly forming part of the forest preserve, but occupied or held by persons not entitled thereto, and in all other respects for the protection and maintenance of the forest preserve, which any owner of lands would be entitled to bring." The section proceeds to confer upon the commission detailed powers in bringing actions for trespass, and then closes as follows :  " With the consent of the attorney-general and the comptroller, the forest commission may employ attorneys and counsel to prosecute any such action, or to defend any action brought against the commission or any of its members or subordinates arising out of their or his official conduct with relation to the forest preserve. Any attorney or counsel so employed shall act under the direction of and in the name of the attorney-general. Where such attorney or counsel is not so employed, the attorney-general shall prosecute and defend such actions."

It will thus be observed that the commission is given the absolute care, custody, control and superintendence of the forest preserve, and are authorized for its protection and maintenance to bring any and all actions and proceedings which an owner of land would be entitled to institute. The commission may retain counsel with the consent of the attorney-general

and comptroller, and if this is not done, it is made the duty of the attorney-general to act in their behalf.

The act clearly contemplates not only actions brought by the commission in the name of the state, but actions against the commission or any of its members or subordinates arising out of their official action.

It is difficult, when we consider these sweeping provisions, to believe that it was not the intention of the legislature to clothe the commission with the amplest and most complete powers to represent the state in the forest preserve.

It would seem that when the title of the state, acquired at a tax sale, is canceled for any reason, it should be entitled to invoke the remedy accorded the individual suitor, which is the right to review, by certiorari, proceedings which led to the cancellation.

The party aggrieved in this proceeding is the state of New York, and the writ of certiorari has been sued out in the name of the state on the relation of the forest commission.  The respondent urges that this is not a proceeding in the name of the state.   We are of opinion that it is, and that the forest commission stands as the representative of the state and acts as relator in this proceeding merely to conform it to the ordinary procedure in respect to form.

The case of *People* v. *Turner*, referred to in the opening of this opinion, was affirmed in this court (145 N. Y. 451), and it was there held that the state was placed in constructive possession of the lands in question through the comptroller's purchase and deed, but that subsequently it was in actual possession by reason of the creation of the forest commission and the powers and duties devolved upon it by the act of 1885. The possession of the commission is the possession of the state.

It has been the general policy of the state in recent years to confine applications for cancellation of titles to the purchaser at the tax sale, and the creation of the forest commission, with the ample powers conferred upon it, was designed, among other things, to protect the state against

improper and unlawful applications to the comptroller to set aside titles.

It was essential that the state should be represented by a board having full power to protect and maintain its rights in the wild and unsettled portion of the state embraced within the limits of the forest preserve.

These views lead to the conclusion that the writs were improperly quashed. As the learned General Term quashed the writs on the ground that the forest commission had no power to prosecute them, the orders appealed from should be reversed, with costs, and the proceedings remitted to the Appellate Division to hear them on the merits.

All concur.

Orders reversed.