The People of the State of New York ex rel. Ernest A. Turner, Respondent, v. Otto Kelsey, as Comptroller of the State of New York, Appellant.

Forest Preserve Commission — When Lands of Forest Preserve Have Been Sold for Taxes, Commission Entitled to Notice to Redeem Required by Section 134 of Tax Law. Under section 220 of the Forest, Fish and Game Law (L. 1900, ch. 20) the commission of the Forest Preserve is given the care, control and supervision of the Forest Preserve, and through its wardens, foresters and protectors actually occupies the preserve, so that the commission is an occupant within the meaning of section 134 of the Tax Law (L. 1896, ch. 908) which requires that all occupants of lands which have been sold for taxes shall be given notice to redeem before a deed is given.

People ex rel. Turner v. Kelsey, 96 App. Div. 148, reversed.

(Submitted November 17, 1904; decided December 6, 1904.)

Appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 6, 1904, which reversed on certiorari a determination of the defendant granting an application by the state for the redemption of certain lands theretofore bid in by the relator upon a sale for the non-payment of taxes and denying an application by the relator for the issuance of a deed thereof to him.

The facts, so far as material, are stated in the opinion.

John Cunneen, Attorney-General ( William H. Wood on the brief), for appellant. The state in its sovereign capacity must be deemed to be in actual occupancy of land owned by it. (L. 1900, ch. 20 ; People ex rel. v. Turner, 145 N. Y. 451 ; People v. Campbell, 152 N. Y. 51.)

George N. Ostrander for respondent. The theory that the state, through the forest, fish and game commission, is in the actual occupancy of all lands within the Forest Preserve is erroneous. (Embury v. Burnett, 11 Pct. 52 ; Latta v. Clifford, 59 Fed. Rep. 618 ; Greenleaf v. B., F. & C. I. R. R.

*Co.,* 132 N. Y. 415 ; *People* v. *Van Rensselaer,* 9 N. Y. 329 ; *People ex rel.* v. *Miller,* 90 App. Div. 596 ; *People ex rel.* v.. *Campbell,* 67 Hun, 590 ; *Comstock* v. *Beardsley,* 15 Wend. 348 ; *Bush* v. *Davidson,* 16 Wend. 550 ; *Leland* v. *Bennett,* 5 Hill, 286 ; *Hand* v. *Ballou,* 12 N. Y. 542.)

HAIGHT, J.    The relator became a purchaser of a large tract of land in the Forest Preserve upon a sale made by the comptroller of the state in December, 1900.    At the time of such sale the title to the land was in dispute between the state and individuals, but subsequently the controversy was adjusted and the individuals claiming to be owners executed and delivered to the People of the state a quitclaim deed but specifically stating therein that it was subject to all taxes upon the land and tax sales thereof.    It thus became the duty of the state, through its proper officers or agents, to redeem the land so sold to the relator within the time required by law, but through some oversight on the part of such officers or agents no redemption had been made of the parcel here in controversy prior to the demand for a deed from the comptroller by the relator.    Subsequently, and in October, 1903, the forest commission made application to the comptroller to be allowed to redeem in behalf of the People on the ground that the relator had neglected to serve the notice required to be served upon occupants, pursuant to section 134 of the Tax Law. The comptroller permitted such redemption under the objections of the relator.

The question brought up for review is as to whether the forest commission was the occupant of the lands in question, so as to be entitled to the notice provided for by the statute.

As we have seen, the lands in question are a part of the Forest Preserve purchased by the state, but subject to the payment of the taxes theretofore levied thereon.    Under the Constitution (Art. 7, § 7) " the lands of the State, now owned or hereafter acquired, constituting the Forest Preserve as now fixed by law * * * shall not be leased, sold or exchanged, or be taken by any corporation, public or pri-

vate." Whether the comptroller, under this provision of the Constitution, had the power to execute and deliver to this relator a conveyance of the lands in question or whether the relator can avail himself of the oversight or neglect of duty of the officers of the state to redeem, are questions which we shall not now consider or determine. This case differs from that of *Wells* v. *Johnston* (171 N. Y. 324), and we. prefer to rest our decision upon questions that were not involved in that case. We have referred to the provisions of the Constitution for the purpose of showing that these lands are forever reserved for the Forest Preserve and that no power exists on the part of the legislature or of any officer or department of the state to dispose of, or in any manner deprive the People of their title to the lands.

Not only are these lands brought within the protecting power of the Constitution, but that of the legislature as well. Various statutes have been enacted, by which the police power is extended over this territory. It is made a public park, placed under the care, control and supervision of a commission and watched and guarded by wardens, foresters and game protectors who actually reside upon the preserve and who may arrest violators of the statute in cases specified, without warrant.

The *statute requiring notice to be given to* " occupants" has been careful to define the term as meaning " a person who has lawfully entered upon the lands so occupied and is in possession of the same to the exclusion of every other person," and the term " occupancy" as meaning " the actual, lawful and exclusive use and possession of such lands and premises by such an occupant." The commission of the Forest Preserve, under. section 220 of the Forest, Fish and Game Law (Ch. 20 of the Laws of 1900), is given the care, control and supervision of the Forest Preserve. Care, control and supervision include the right of possession, and the commission, through its wardens, foresters and protectors, actually occupy the preserve. In considering these statutes, this court in the case of *People* v. *Turner* (145 N. Y. 451) has held

that the forest commission, as the representative of the state, has the actual possession of the lands embraced in the Forest Preserve. This view was approved in the more recent case of *People ex rel. Forest Comm.* v. *Campbell* (152 N. Y. 51). We think, therefore, that the statute, as heretofore construed by us, constitutes the commission an occupant within the meaning of the statute and entitled it to a notice to redeem.

The order of the Appellate Division should be reversed and that of the comptroller affirmed, with costs in all courts.

CULLEN, Ch. J., GRAY, O'BRIEN, BARTLETT, VANN and WERNER, JJ., concur.

Order reversed, etc.