(55 Misc. Rep. 507.)

### PEOPLE v. SANTA CLARA LUMBER CO.

(Supreme Court, Special Term, Franklin County. August, 1907.)

**1. ATTORNEY GENERAL—POWERS.**
   It is within the power of the Legislature from time to time to increase, alter, or abridge the powers and duties of the Attorney General.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney General, § 6.]

**2. GAME—POWERS OF GAME COMMISSION—EMPLOYMENT OF ATTORNEYS.**
   Under Laws 1885, p. 482, c. 283, creating the forest, fish, and game commissioner, and subsequent legislation on the same subject, the commissioner has power, with the consent of the Attorney General, to employ attorneys to prosecute any action to prevent injury to the forest preserve or trespass thereon, and it is not the exclusive right of the Attorney General to prosecute such action.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Game, § 5.]

**3. OFFICERS—DUTIES "PRESCRIBED BY LAW."**
   The term "prescribed by law," as used in Const. 1846, art. 5, § 6, describing the duties of the officers mentioned, which provision has been re-enacted in each Constitution since 1846, means prescribed by some statute of the state, and does not include matters required by common law.
   [Ed. Note.—For other definitions, see Words and Phrases, vol. 6, pp. 5520, 5521.]

Action by the people against the Santa Clara Lumber Company. Motion for an order substituting the Attorney General as attorney for plaintiff and for other relief. Motion denied.

John K. Ward, for the People.
Badger & Cantwell, for defendant.

VAN KIRK, J.   This motion is made, first, for an order substituting the Attorney General as attorney for the plaintiff in the place of Messrs. Lewis & McKay, the attorneys of record; second, for an order vacating and setting aside all of the proceedings in the above-entitled action subsequent to the service of the defendant's answer, and striking out the defendant's answer as sham and false, and directing judgment in favor of the plaintiff for the amount demanded in the complaint.   The forest, fish, and game commission objects to the right of the Attorney General of the state of New York, by virtue of his office, to act as attorney for the forest, fish, and game commission by seeking his substitution as attorney in the further prosecution of this case and upon this motion.

If the Attorney General is right in his contention in the first part of this motion, it is a matter of vast importance to the state.   His position in brief is this:   The Attorney General is a constitutional officer. His powers and duties, prior to the adoption of the Constitution of 1846, were defined by statute and by common law.   By the Constitution of 1846, article 5, § 6, was adopted as follows:

"The powers and duties of the respective boards, and of the several officers in this article mentioned, shall be such as now are or hereafter may be prescribed by law."

By virtue of this provision, the powers and duties at that time belonging to the Attorney General were incorporated in and became a part of the Constitution.   In each Constitution since 1846 this same section 6 of article 5 has been re-enacted.   The Legislature cannot subtract from or lessen any of the powers and duties thus confirmed by the Constitution in the Attorney General.   Therefore the act creating the forest, fish, and game commission, and giving it power to employ attorneys for the prosecution of the above-entitled action, was an invasion of the constitutional rights of the Attorney General.   By virtue of the Constitution the Attorney General has not only the power and the duty, but has the exclusive right, to prosecute or defend in all actions in which the people of the state of New York have an interest.

I am unable to agree with the Attorney General in this contention. The Attorney General is one of the state officers named in article 5, § 1, of the Constitution.   But the Constitution neither provides for his compensation, nor does it specifically state his powers and duties. There is no provision of the Constitution, other than article 5, § 6, above quoted, which at all defines the powers and duties of the Attorney General.   From the beginning of the life of the state the powers and duties of the Attorney General have been such as were conferred upon him by common law and by statute; and from time to time the Legislature has passed statutes specifying the powers and duties of the Attorney General.   By article 1, § 16, of the Constitution, it is provided that such parts of the common law and of the acts of the Legislature as have not been repealed or altered, and such acts of the Legislature of this state as are now in force, shall be and continue the law of this

state, subject to such alterations as the Legislature shall make concerning the same; but all such parts of the common law and such of the said acts or parts thereof as are repugnant to this Constitution are hereby abrogated. The Legislature may, from time to time, modify the common law; and such rules of the common law as are in direct conflict with an act of the Legislature are no longer the law of the state.

In Brinckerhoff v. Bostwick, 99 N. Y. 185, 1 N. E. 663, the Court of Appeals, in construing section 394 of the Code of Civil Procedure, which contains this expression, "or to enforce a liability created by law," said:

"On the other hand, it is claimed on the part of the plaintiffs that those words mean a liability created by some statute, and we are of that opinion. The phrase is not such as would have been used, and certainly is not such as is commonly, if ever, used in statutes, to describe a liability existing at common law, independently of any statutory provision. Such expressions as 'required by law,' 'regulated by law,' 'allowed by law,' 'made by law,' 'limited by law,' 'as prescribed by law,' 'a law of the state,' are of frequent occurrence in the Codes and other legislative enactments; and they are always used as referring to statutory provisions only. The phrase, 'created by or under the laws of the state,' occurs several times in the Code, and is always used in the sense of a thing brought into existence by or under statute law."

If this be accepted as a correct definition of the meaning of the words in section 6, "prescribed by law," then the meaning is the same as if it read "prescribed by some statute of this state." If, however, the expression "prescribed by law" covers both the statute and common law, it is still true that, if the Legislature may change a provision of the statute defining the powers and duties of the Attorney General, it may also change a rule of the common law prescribing those powers and duties. The meaning attached by the Attorney General to this section of the Constitution does not seem to me to be the correct and natural meaning. The debates in the constitutional convention concerning this section seem to me plainly to indicate that it was intended that the provision of the Constitution should leave to the Legislature the definition of the powers and duties of the state officers. There is no provision in the Constitution which apparently is intended to limit the powers of the Legislative branch of the government in this respect.

Section 6 of article 5 has been under consideration by the Court of Appeals in Rumsey v. N. Y. & N. E. R. R. Co., 130 N. Y. 88, 28 N. E. 763, in which case the powers of the commissioners of the land office were in question. The court quotes from this section and says:

"This appears to give to the Legislature in express terms the authority to prescribe the powers and duties of the commissioners of the land office, which has been done by the act in question."

If the Legislature has such authority as to the commissioners of the land office, it has the same power as to the Attorney General. The plain meaning of section 6 seems to me to be that the Attorney General shall at any time have those powers and duties which the statutes at that time give him. If this were not so, the greatest confusion would exist as to our laws and the conduct of several branches of

the state government. In numerous cases the Legislature has passed acts which have changed the powers and duties of state officers, while the powers and duties of those state officers were protected by this same section of the Constitution.

In the Constitution of 1846 the powers and duties of the Comptroller of the state were protected by this provision; but in 1851 the banking department, which in 1846 was within the jurisdiction of the Comptroller, was created, and all of the functions of the banking department were taken from the Comptroller and conferred upon the superintendent of banks (Laws 1851, p. 310, c. 164, § 3), and since 1851 the banking department has existed. If the contention of the Attorney General is right, this was an infringement upon the constitutional rights of the Comptroller. The various boards and commissions and departments of the government, such as the insurance department, have been in like manner created by act of the Legislature and in violation of this provision of the Constitution, if its meaning is that which the Attorney General claims.

Article 5, § 6, of the Constitution does not incorporate into the Constitution those provisions of the statute then existing and take it out of the power of the Legislature to modify those existing statutes. The Attorney General is a constitutional officer; but his powers and duties are named by statute, and may be added to or modified by an act of the Legislature. In this state the ultimate sovereignty is in the people. The Constitution is the voice of the people speaking in their sovereign capacity. Matter of New York E. R. Co., 70 N. Y. 327, 342. By the Constitution (article 3, § 1) the Legislature is made the absolute legislative branch of the government; and its powers in all legislative matters are unlimited, except by the federal and state Consitutions. People v. West, 106 N. Y. 293, 12 N. E. 610, 60 Am. Rep. 452. The Legislature may, and it must, prescribe the powers and duties of those boards, commissioners, and state officers whose powers and duties are not specifically prescribed in the Constitution, and must create new boards and departments as necessity requires. If this were not so, then, upon the adoption of the Constitution, all of the vast affairs of the state, belonging to the several departments of state and in the offices of the several state officers, could not be changed or modified, no matter what the growth of the public interests might demand (except by adding to them), until a new Constitution was adopted. This is a construction which would make our law so fixed and inelastic as to defeat the best interests of the people.

The Court of Appeals, in People ex rel. Forest Commission v. Campbell, 152 N. Y. 51, 46 N. E. 176, has passed upon the act creating the forest, fish, and game commission. On page 54 of 152 N. Y., page 177 of 46 N. E., Judge Bartlett said:

"This appeal calls upon us to determine the powers of the forest commission under the original act of its creation (chapter 283, p. 482, of the Laws of 1885) and subsequent legislation upon the same subject."

On page 57 of 152 N. Y., page 178 of 46 N. E., the court said:

"It is necessary to determine the precise powers conferred upon the forest commission by chapter 283, p. 482, of the Laws of 1885."

And it quotes from section 11 (page 483) the provision authorizing the commission to bring, in the name of the people of the state of New York, any action to prevent injury to the forest preserve or trespass thereon, also the provision authorizing the commission, with the consent of the Attorney General and the Comptroller, to employ attorneys and counsel to prosecute any such action, and then continues:

"It will thus be observed that the commission is given the absolute care, custody, control, and superintendence of the forest preserve, and are authorized for its protection and maintenance to bring any and all actions or proceedings which an owner of land would be entitled to institute. The commissioner may retain counsel, with the consent of the Attorney General and Comptroller, and, if this is not done, it is made the duty of the Attorney General to act in their behalf."

Again:

"It is difficult, when we consider these sweeping provisions, to believe that it was not the intention of the Legislature to clothe the commission with the amplest and most complete powers to represent the state in the forest preserve."

If the act of the Legislature creating the forest commission and authorizing it to employ attorneys, with the consent of the Attorney General and Comptroller, were unconstitutional, it seems that the Court of Appeals, in a case in which it was specifically inquiring into the powers of the commission, would have remarked it. This case is inconsistent with any other view than that the act creating the commission, defining its powers, and authorizing the employment of an attorney by it, are constitutional. It will be noticed also that, in the act of 1885, it is made the duty of the Attorney General to act, if the commission does not employ an attorney. If the Attorney General is correct in his contention, that provision of the act would be superfluous. If it were the duty exclusively of the Attorney General to prosecute or defend all actions in which the people have an interest, or any department of the state government has an interest, the Attorney General would be required to have under him a great number of deputies and special counsel.

In Attorney General v. Continental Life Ins. Co., 88 N. Y. 571, the question arose as to the right of the Attorney General to employ special counsel to the receiver of the Continental Life Insurance Company, and the Court of Appeals said:

"We have not been able to find any statutory authority conferred upon the Attorney General to appoint any special counsel to act generally for him in the conduct of suits or proceedings in which the state is interested." By statute the Governor is authorized "to employ counsel to assist the Attorney General." "By chapter 357, p. 477, Laws of 1848, the Attorney General is authorized to employ additional counsel, in prosecuting or defending suits in which the people are a party or interested at any General or Special Term or at chambers, when official duties prevent his attending in person. This statute, as will be observed, limits the authority conferred to the appointment of counsel to appear at a term of court or at chambers, and then only when the Attorney General cannot be present in person. We find no other general statute conferring upon the Attorney General authority to employ special counsel on behalf of the state."

The court further says that, independently of the statute, there seems to be no authority vested in the Attorney General to employ special

counsel. There is a provision for the appointment of deputies to assist the Attorney General. This general provision and the statutes authorizing the Governor or the Attorney General in certain cases to employ special counsel seem plainly to exclude the inference of an authority in the Attorney General to employ special counsel outside of the statute. And it was held that the statute did not authorize the general retainer under which the attorney for the receiver acted. So that the Court of Appeals has held that the power of the Attorney General to employ counsel is limited to the authority conferred by statute, which is definitely a holding that his powers and duties are subject to the control of the Legislature by statute. There is, then, no provision of law which would allow the Attorney General to supply himself with assistants to prosecute and defend in behalf of the multitudinous interests in the state.

The Attorney General holds office for two years. Upon qualifying in office the Attorney General appoints his deputies and assistants. If the contention of the Attorney General is correct, then the law business of the state, in all its various departments, must be conducted by new men every two years. The statement of this is sufficient to show the impossible conditions that would arise in case all of the law business of the state must be done by the Attorney General and his assistants. The executive law defines the duties of the Attorney General. Laws 1892, p. 1697, c. 683, § 52. It is one of the general laws enacted by the same legislative power that defined the powers of the forest, fish, and game commission, and gave it power to employ an attorney. The constitutional convention of 1894 was charged with knowledge of the existing laws and is presumed to have proposed the Constitution with reference thereto. People v. Rathbone, 145 N. Y. 435, 40 N. E. 395, 28 L. R. A. 384. There is no essential inconsistency in the two acts. They may both stand and have a legitimate office to perform. People v. Angle, 109 N. Y. 568, 17 N. E. 413. That the doing of certain things is made the duty of the Attorney General does not necessarily mean that he has of his own motion the absolute exclusive right to do those things. There is a plain distinction between a duty and an exclusive right. The duties of the Attorney General have never been permanently fixed. They have ever been subject to change. The executive law has been amended many times since 1894 by the same legislative power which, by Laws 1905, p. 542, c. 285, § 4, expressed again its intention that the forest commission should have power to employ its attorney. This is the last utterance of the people, spoken through the legislative power they created, and, if irreconcilable with section 52 of the executive law, modifies it to the extent expressed in said section 185 as amended. People v. Bull, 46 N. Y. 57, 7 Am. Rep. 302. The Legislature that imposed and defined duties may correct, modify, and limit them; and the legislative power that can rightfully create a board or commission can empower it to employ an attorney. Any other rule would place in utmost confusion the affairs of the several departments of the state government, because of the uniform practice for years. A rule that would work such public mischief will not be adopted, if avoidable. People v. Lorillard, 135 N. Y. 285, 31 N. E. 1011. The Legislature, the executive, and the departments of state in

practice have uniformly construed this section 6 as above stated, and the courts have acquiesced. This uniform construction, acquiesced in by the people, the executive, the several state departments, and the courts, is entitled to controlling weight. People v. Home Ins. Co., 92 N. Y. 328, 337; People v. Dayton, 55 N. Y. 367, 378. Under this construction, the Constitution and the statutes may stand together, each having a legitimate office to perform consistent with the interests and policy of the state; and such construction should be upheld. People v. Angle, 109 N. Y. 564, 567, 17 N. E. 413.

The conclusion I reach, therefore, is that the Attorney General is a constitutional officer; that his powers and duties are defined by statute, unless he may have certain powers and duties coming to him under the common law; and the legislative power of the state may change, add to, or lessen the powers and duties of the Attorney General. The act authorizing the forest commission to employ an attorney to prosecute the above-entitled action is constitutional. The motion for an order substituting the Attorney General as attorney for the plaintiff is therefore denied.

The argument at Special Term under this notice of motion was almost entirely confined to the question above discussed. Very little attention was given to the part of the motion asking for the vacating of the judgment, etc., although the facts justify a full argument. In view of the fact that I have held that the Attorney General was not authorized to make this motion, and the fact that the attorney for the Santa Clara Lumber Company opposes the granting of the motion, among other reasons, because the Attorney General has no standing to make the motion, I have concluded to deny the motion as to the second ground also, without prejudice to a renewal of the motion to vacate the judgment, etc., on behalf of the plaintiff, upon the same or different papers.

The motion is denied, with $10 costs.

Motion denied, with $10 costs.