HAZKATE HOLDING CORPORATION and Others, Plaintiffs, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendant.

Supreme Court, Franklin County, August 15, 1927.

**Real property — cloud on title — action under Real Property Law, art. 15, to compel determination of claim to certain land within Forest Preserve — land in question was part of larger parcel which was sold for taxes — tax sale was subsequently canceled and certiorari proceedings to review were quashed on stipulation providing for transfer of all property to State except property here involved — plaintiffs have right to judgment determining that they own property in question.**

The plaintiffs bring this action under article 15 of the Real Property Law to compel the determination of a claim to certain land within the Forest Preserve. The land in question was included in a larger parcel that was sold for taxes. The tax sale was subsequently canceled and thereafter the land in question was conveyed to the plaintiffs' predecessor. Later the State applied for a revocation of the cancellation of the tax sales and this being denied, the State procured a writ of certiorari to review the order of the Comptroller. The writ was quashed on a stipulation which provided that the owners would transfer to the State all land except that previously transferred to third parties. The land excepted from the stipulation is involved in this proceeding. Notwithstanding the cancellation of the tax sales the plaintiffs are entitled to a judgment determining that the title to the land in question is in them for it appears that the tax deeds to the State have never been canceled or discharged of record. In view of the constitutional provision (art. 7, § 7) prohibiting the sale of land within the Forest Preserve it is necessary to the security of the plaintiffs' title, even though the State asserts no claim of ownership, that the plaintiffs be given judgment in this action.

ACTION pursuant to article 15 of the Real Property Law to compel the determination of a claim to certain parcels of real property lying within the Adirondack Park in Franklin county. The claim appears from the public records.

*Tomlinson, Herrick, Hoppin & Coats* [*H. P. Coats* of counsel], for the plaintiffs.

*Albert Ottinger, Attorney-General* [*Eric J. Lake, Deputy Attorney-General,* of counsel], for the defendant.

GOLDSMITH, J. The action may be maintained against the People of the State. (Real Prop. Law, § 512, added by Laws of 1920, chap. 930, as amd. by Laws of 1925, chap. 565.) The plaintiffs allege ownership severally to the various parcels of land described in the complaint but their interests are identical in this action in that they claim title through a common source and they seek the same relief. It is admitted that the plaintiffs have been in possession for more than one year.

The premises involved were at one time a part of a tract com-

prising approximately 6,280 acres which was owned by John B. Riley, Smith M. Weed and Martin V. B. Turner and was sold for taxes by the Comptroller of the State in the years of 1877, 1881 and 1885, and was conveyed by the Comptroller to the People of the State through three deeds which were recorded respectively in the Franklin county clerk's office on December 8, 1879, March 5, 1887, and March 3, 1891. This property was assessed as nonresident, whereas the owners claimed that it was in occupation and should have been assessed as resident property. They made an application to the Comptroller, in accordance with the statute in such case made and provided, for the cancellation of these tax sales and, after a hearing and upon presentation of satisfactory proof of occupancy, the Comptroller granted the application and executed certificates of cancellation, which were recorded in the Franklin county clerk's office on September 2, 1892.

Subsequently the Forest, Fish and Game Commission and the Forest Preserve Board, acting on behalf of the People, petitioned the Comptroller to revoke this cancellation. The relief was refused and the order of the Comptroller denying the application was filed in his office on December 31, 1898. The same agencies, acting on behalf of the People, then procured a writ of certiorari to be issued by the Supreme Court for the purpose of reviewing the order of the Comptroller. Smith M. Weed and Martin V. B. Turner, who had acquired the interest of John B. Riley in the lands sold for taxes, were made parties to both proceedings.

Meantime, the persons claiming ownership of the ground title had made several conveyances out of the original tract to third parties, these transfers including all of the parcels described in the complaint. In view of this situation, while the certiorari proceeding was still pending, offers of compromise were exchanged between Messrs. Weed and Turner, claimants to the ground title, and the Forest Preserve Board, now alone authorized to represent the State (pursuant to chapter 135 of the Laws of 1898), and a settlement was reached whereby Weed and Turner agreed to convey to the State all of the lands sold for taxes except the parcels conveyed by them, or by them and Riley, to third parties, and the State in turn agreed to quash the certiorari proceeding. An agreement in accordance with this arrangement was executed and carried into effect by all of the parties. The deed from Weed and Turner to the People was dated March 14, 1901, and recorded in the Franklin county clerk's office on January 25, 1902. The writ of certiorari was quashed by an order of the Appellate Division of the Supreme Court, Third Department, made on May 10, 1901.

The plaintiffs allege that, although the tax sales heretofore

referred to have been canceled and the certificates of cancellation duly recorded, the several deeds executed by the Comptroller to the People, in pursuance to said tax sales, and recorded in the Franklin county clerk's office, have never been canceled or discharged of record and, being regular in form, it appears from the records that the State might make claim adversely to the plaintiffs to the several parcels of land described in the complaint. The plaintiffs, therefore, demand judgment barring the defendant, and all persons claiming under and through them, from any interest in these premises.

It is obvious that these deeds in proper form, duly recorded and bearing no explanation by indorsement, constitute a cloud upon the titles to the several parcels of land held by the plaintiffs. They are a challenge to all the subsequent transactions connected with these premises and bring them up for review. Ordinarily the compromise between the parties, evidenced by a written agreement as in this case, and the execution of the provisions of the contract as shown by the records, would be conclusive against the defendant. But the property here in question is situated in one of the counties forming a part of the Forest Preserve (Laws of 1885, chap. 283, and acts amendatory thereto), and the Constitution (art. VII, § 7) provides that " lands of the state, now owned or hereafter acquired " within the Forest Preserve " shall not be leased, sold or exchanged." This provision of the Constitution was adopted to prevent the alienation of lands owned by the State in the Forest Preserve. When title to premises within this area is once acquired by the People, no act of any officer or agency of the State or no judgment of any court can divest the State of ownership therein. (*People ex rel. Turner* v. *Kelsey,* 180 N. Y. 24.) The protection of the Constitution, however, does not attach to a mere claim of title by the State. (*People* v. *Santa Clara Lumber Co.,* 213 N. Y. 61.) If there is an honest dispute between the State and another, the controversy can be adjusted and determined " by a court, or by an agent of the State authorized by the Legislature to that end." (*People* v. *Douglass,* 217 App. Div. 328.) It follows that title to the premises described in the complaint cannot be determined solely from a consideration of the compromise agreement, since the power of the State to consummate this settlement must be predicated upon the alleged illegality of the tax sales and the controversy arising therefrom. Under these circumstances the plaintiffs have stated a cause of action. Even though the State asserts no claim of ownership, the public records do not present a marketable title to the premises so long as the tax deeds remain uncanceled and undischarged of record.

The merit of the claim of plaintiffs' grantors was attested by the decision of the Comptroller canceling the tax sales and by his subsequent refusal to revoke his determination. This action of the Comptroller was recently reviewed in the case of *People* v. *Douglass* (*supra*) in an exhaustive and able opinion written for the court by Mr. Justice VAN KIRK. That litigation involved the title of the State to the premises conveyed to it by Weed and Turner pursuant to the compromise agreement. The court held in effect that the Comptroller acted with authority and in good faith in the cancellation of the tax sales and his determination that the sales were invalid extinguished the State's interest in the premises. All that was left to the State was a bare claim of title and " the Constitution no longer stood in the way of the abandonment of its claim " and the compromise of the dispute. The deed subsequently executed and delivered to the People by Weed and Turner, pursuant to the adjustment of the controversy, established ownership in the State and the " settlement protected " the title to the premises excepted from this conveyance.

While the People denied all of the material allegations of the complaint, except the statutory period of possession by the plaintiffs, the State is satisfied with the settlement effected by the compromise, and does not desire to disturb it. In view of article VII, section 7, of the Constitution, as already explained, the State cannot concede title to lands located within the Forest Preserve and the Attorney-General properly entered a general denial of the allegations of title and left the determination of the question of ownership to the court.

It was stipulated upon the trial that the premises described in the complaint are included in the exceptions contained in the deed from Weed and Turner to the People. The State has no right or title to these premises and the plaintiffs, therefore, should have judgment barring defendant from any interest therein and directing the cancellation and discharge of the tax deeds.

Submit findings in accordance herewith.