In the Matter of the Application of CITY THEATRES COMPANY for a Final Order to Remove SKOURAS THEATRES CORPORATION from Certain Real Property.

Municipal Court of New York, Borough of Manhattan, Second District, January 13, 1934.

*Davisson & Manice*, for the petitioner.

*Nathan Burkan*, for the Skouras Theatres Corporation.

GENUNG, J. The petitioner alleges that on December 1, 1931, the petitioner and the Skouras Theatres Corporation entered into an agreement, a copy of which is attached to the petition, and that the term of that agreement expired on December 1, 1933, and that

the Skouras Theatres Corporation having become the occupant of the premises pursuant to that agreement, holds over and continues in possession of the premises after the expiration of its term, without the permission of the petitioner, and has refused to deliver possession of the premises to the petitioner although demanded.

The Skouras Theatres Corporation has interposed an answer admitting the making of the agreement and denying the other allegations of the petition and alleging as a first defense that the proceeding was not instituted by authority of the board of directors of the petitioner corporation; and as a second defense that the agreement had not expired and that the agreement was renewed for a period of one year after December 1, 1933; and for a third defense that a contract is now in existence between the parties for a period ending December 1, 1934, which has not been terminated; and for a further defense, the pendency of an action between the parties in the Supreme Court, New York county.

The Skouras Theatres Corporation moved to dismiss the petition on the ground that the court has no jurisdiction as there was no relationship of landlord and tenant, or employer and employee, as provided for in subdivision 1 of section 1410 of the Civil Practice Act.

The agreement attached to the petition, which concededly is the basis of the relationship between the parties, provides that the Skouras Theatres Corporation is to manage the theatre in question " at a compensation of $200.00 weekly," and the Skouras Theatres Corporation agreed to use its best efforts to manage the theatre and that its " compensation of $200.00 a week will include all necessary services, supervision, booking and the like."

While the petition alleges that the Skouras Theatres Corporation became the " occupant," that conclusion of the petitioner must be governed by an examination of the exhibit attached to the petition which sets forth and defines the relationship of the parties and the conclusions of the petition are qualified by the provisions of the agreement. (*Kienle* v. *Gretsch Realty Co.*, 133 App. Div. 391; *Bogardus* v. *New York Life Ins. Co.*, 101 N. Y. 328, 337.)

The Skouras Theatres Corporation further contends that even though this proceeding would lie, in the instant case the court has no jurisdiction because of the failure of the petitioner to give the three-day registered mail notice provided by subdivision 1 of section 1410 of the Civil Practice Act.

The relationship between the parties, as appears from the agreement, made a part of the petition, is that of employer and employee. The mere fact that the employee is a corporate entity is immaterial. The Skouras Theatres Corporation was employed to manage the theatre for the petitioner at a weekly agreed compensation, for a specified time with a definite limitation of the employment.

Subdivision 1 of section 1410 of the Civil Practice Act would, therefore, apply provided the Skouras Theatres Corporation was an " occupant " of the premises. The word " occupant " has a definite meaning and generally is interpreted to include " a person who has lawfully entered upon the lands * * * and is in possession of the same to the exclusion of every other person." (*People ex rel. Turner* v. *Kelsey*, 180 N. Y. 24; *People ex rel. Forest Commission* v. *Campbell*, 152 id. 51.)

The Skouras Theatres Corporation, under the written agreement, is not in possession of the theatre to the exclusion of the owner, it being merely the manager for the owner. The contention of the Skouras Theatres Corporation that, in order to sustain the proceeding, a three-day registered notice would be necessary is not well taken. That notice is only required in the city of New York where the term of employment of the employee has expired, but the term of occupancy has not expired. If there were any occupancy in the case at bar, it would have expired with the term of the employment, and hence there would be no necessity for giving the three-day notice. However, inasmuch as the Skouras Theatres Corporation was never an " occupant " within the meaning of the word as used in subdivision 1 of section 1410 of the Civil Practice Act, this court has no jurisdiction, and the motion to dismiss for lack of jurisdiction must be granted.