ANTON F. KOSTANOWSKI et al., Appellants, *v.* WILLIAM DONCHIG, Respondent.

Third Department, May 9, 1945.

*Travis & Cohn,* attorneys (*Harry S. Travis* of counsel), for appellants.

*Chernin & Gold,* attorneys (*James B. Gitlitz* of counsel), for respondent.

HILL, P. J. Appeal from a judgment dismissing appellants' complaint which alleged that twenty acres of land located in the town of Kirkwood, Broome County, was conveyed to them by one Beagell and wife on April 4, 1933, and that the deed was later recorded in Broome County clerk's office. The answer does not deny this allegation, but does deny that the appellants are still the owners. The action was brought to set aside two deeds of the premises given by the Board of Supervisors of Broome County, one to the defendant Donchig dated February 5, 1941, in which it was stated that it conveyed all of the right, title and interest which the county " acquired by reason of the purchase of certain property on tax sale on Oct. 8, 1931, Oct. 10, 1934 and Oct. 9, 1935 " deeded to the county on May 10, 1934, February 10, 1936, and October 13, 1938, and that the deed was executed " on the redemption of said premises " from the tax sales. It appears that the tax sales and deeds concern taxes respectively of the years 1930, 1933 and 1934. The second deed dated February 7, 1941, also given to defendant Donchig, recited that it was given to effect redemption, and that the county's title was a tax sale for taxes of 1938 held on October 5, 1939, with a deed to the county

on January 20, 1941. It purported to convey 22.05 acres of land — apparently the same premises mentioned as 22 acres in the earlier tax deeds and as 20 acres in appellants' deed.

An analysis of the above recital discloses several paradoxical conditions. When appellants obtained their title in 1933 the premises had already been sold for the 1930 taxes, and no one at any time paid the 1933 or 1934 taxes until the county conveyed to the defendant in 1941. The county was the holder of four tax deeds, the last for the 1938 tax which appellants had failed to pay. The premises were assessed until and including 1934 to appellants' grantor Beagell, thereafter until and including 1938 to appellants.

Parcels of real property which "have been struck down to the county at a tax sale and not redeemed" may be continued upon the tax roll unless the Board of Supervisors have adopted a resolution to exclude them. (Tax Law, § 50, subd. 2.) Parcels struck down to a county and omitted from the tax roll are not subject to further taxes, but may be redeemed by the owner "provided the county has not acquired a title in fee to such real property". (Tax Law, § 153.) A purchaser at a tax sale has a qualified right of possession, which becomes absolute upon the execution of a deed, and until that time taxes may be assessed against the original owner. (*Wells* v. *Johnston*, 171 N. Y. 324; *People ex rel. Turner* v. *Kelsey*, 180 N. Y. 24; *City of Rochester* v. *Rochester Railway Co.*, 109 App. Div. 638, 644.) These premises were properly assessed under the above statutory provisions until May, 1934, when the deed was given to the county, but under the authorities cited, there is grave doubt of the legality of the assessments thereafter. Each of the statutes cited speaks of continuing the assessment as to property which has "been struck down to [a] county at [a] tax sale" but does not include property of which the county has the deed, and the authorities above cited distinguish between the quality of possession and ownership before and after the giving of the deed. Notwithstanding the tax sales and deeds recited, the premises were kept on the tax roll and taxes were paid in 1931, 1932, 1935, 1936 and 1937.

Nothing appears to taint the legality of the tax sale of 1931 for 1930 taxes, which was consummated by the deed of May 10, 1934, appellants' time to redeem thereunder has long since passed, and the title of the county and its grantee, the defendant, seems to be absolute. (*Mabie* v. *Fuller*, 255 N. Y. 194; *Callahan* v. *Underwood*, 285 N. Y. 620.) The proof on behalf of the appellants concerning inquiries at the County Treasurer's office

and the deposit of money in the attorney's safe was not sufficient to effect a redemption or invalidate the county's title, at least under the one deed discussed above. The judgment of the trial court dismissing the complaint should be affirmed.

All concur.

Judgment affirmed, with costs.