THE PEOPLE OF THE STATE OF NEW YORK ex rel. P. J. MARSH v. FRANK CAMPBELL, as Comptroller of the State of New York.

*Service of notice of a tax sale — " actual occupancy " — Laws of 1855, chap. 427, sec. 68.*

The establishment of a hunting camp or lodge in the North Woods by the building of a log house or hut, to be used from time to time upon hunting and fishing trips, with no other improvement or use of the land, by a person living elsewhere with his family, and with no claim of title to or interest in the land upon which the camp or hunting lodge is established or built, does not constitute an " actual occupancy " within the meaning of the statute (Laws of 1855, chap. 427, § 68) requiring service of notice of a tax sale.

The use of an island an acre in extent, in a lake in the North Woods, as a hunting camp, without any use of the main land, except to roam over it in pursuit of game, does not constitute an actual occupancy of a whole tract on the mainland of many thousand acres.

Certiorari to review a determination of the Comptroller of the State of New York, made on the 28th day of December, 1891, denying an application for the redemption of certain lands from a sale for unpaid taxes.

Section 68 of chapter 427 of Laws of 1855 provides that " whenever any lot or separate tract of land sold for taxes by the Comptroller, and conveyed as hereinbefore provided, shall, at the time of the expiration of the two years given for the redemption thereof, or any part thereof, be in the actual occupancy of any person, the grantee to whom the same shall have been conveyed, or the person claiming under him, shall serve a written notice on the person occupying such land, within two years from the expiration of said time to redeem, stating, in substance, the sale and conveyance, the person to whom made and the amount of the consideration money mentioned in the conveyance, with the addition of thirty-seven and a half per cent on such amount, and further addition of the sum paid for the deed; and stating, also, that unless such consideration money, and the said thirty-seven and a half per cent, together with the sum paid for the deed, shall be paid into the treasury for the benefit of such grantee within six months after the time of filing in the Comptroller's office of the evidence of the service of the said notice; that

the said conveyance will become absolute, and the occupant, and all others interested in the land, be forever barred from all right or title thereto."

*J. W. Houghton* and *A. D. Wait*, for the appellant.

*John W. Hogan* and *S. W. Rosendale*, attorney-general, for the respondent.

HERRICK, J.:

This is a writ of *certiorari* to review the determination of the comptroller of the State of New York, denying the application of the relator for the redemption of certain lands, about 14,000 acres, sold by the State for the non-payment of taxes at the tax sale of 1881, on the ground that the said lands were occupied from the year 1875 up to the time of the application to redeem, and that the People of the State of New York never served notice upon such occupant as required by law.

The alleged occupant is one Alvah S. Dunning. Upon an island about one acre in extent, situated in a lake bordering upon or included in the tract of land so sold for taxes, the island being a part of such tract, the said Dunning erected a log building thirteen feet wide and twenty-six feet in depth, the sides five to six feet in heighth, the middle of the building being about ten feet in heighth, the roof covered with bark. Inside, the building was divided into two rooms by a log partition; the front was thirteen by fourteen feet, no floor to it, and used as a woodshed; the second room thirteen by twelve, with a board floor and a window in the rear. It contained a hunter's bed, three or four camp stools, a stove, with pipe going through the roof; a frying pan, two or three kettles, water pail, tea-pot, knives and forks, cups and saucers. The island was uncultivated, the land uninclosed, and with no improvements upon it, except the log building I have described. About six miles distant from this island in another township Dunning resided with his family; having there a dwelling-house and outbuildings, and about an acre of cultivated ground. Dunning is a hunter and guide and visited the log-house on the island from time to time, using it as a hunting and fishing station, and taking parties there on hunting and fishing excursions.

It is a custom among the guides and hunters in that vicinity to have camps in different localities for their use in hunting and fishing, having a permanent residence elsewhere. Dunning does not claim to own the land in question or any part of it. No notice of sale or to redeem was ever served upon Dunning or any of his family. I do not think it was necessary to serve notice upon him.

The object of the statute, as was said by Nelson, J., in *Comstock v. Beardsley* (15 Wend., 348), in speaking of a similar statute, is to " afford to any person who might happen to be an occupant   *   *   * an opportunity to redeem, presuming that he was either owner or in some way legally interested in the land."

Here there is no pretense of ownership or legal interest, and the case it does not seem to me comes within the spirit of the law.

I have been. referred to no case defining what is meant by the words " actual occupancy " in the statutes.

But it does not seem to me that the erection of a hunting lodge, hut or house, to be occasionally used for hunting or fishing purposes, where there is no claim of ownership of the land, constitutes an " actual occupancy."

It appears that it is the custom of the guides and hunters of the North Woods to erect or establish so-called camps in various localities to be used by them in their hunting and fishing excursions ; a single hunter might have several, located far apart in different patents or townships, and it is hardly conceivable that the occasional and temporary use of these lodges or camps constitutes an actual occupancy within the meaning of the statute, in the absence of any claim of title to the land upon which the lodge or camp is located. The statute seems to have contemplated an actual residence or dwelling-house, it might be without claim of title, merely the possession of a squatter, but still the establishment of a household ; it reads: " Such notice may be served personally, or by leaving the same at the dwelling-house of the occupant with any person of suitable age and discretion belonging to his family." (Laws of 1855, chap. 427, § 69.)

This evidently contemplates a dwelling-house upon the land to be sold, upon the place claimed to be occupied; it does not contemplate a service at the dwelling-house of a person in New York city who has built a hunting camp in the North Woods which he uses.

from time to time for hunting and fishing.    Dunning had his dwelling, his family and place of actual residence six miles away. Undoubtedly a person may have a residence in one place, and also occupy land in another, as in *Stewart* v. *Crysler* (100 N. Y., 378), where the land was used for the storage of lumber by a person who lived elsewhere ; or, as in *Leland* v. *Bennett* (5 Hill, 287), where a portion of the land was cultivated, some of it used for pasture, and wood chopped and removed from it by a person who lived at a distance therefrom ; but I do not think that the establishing of a hunting camp, the building of a log-house to be used from time to time upon hunting and fishing trips, with no other improvement or use of the land, by a person living elsewhere with his family, with no claim of title to, or interest in, the land upon which the camp or hunting lodge is established or built, constitutes an actual occupancy within the meaning of the statute.    But conceding that the facts recited constitutes an actual occupancy by Dunning, it would only be an occupancy of the island ; it is separable from the main land, and was not used by him in conjunction with it in such a manner as to make him an occupant of the whole tract.    The use of an island, an acre in extent, as a hunting camp, without any use of the main land, except to roam over it in pursuit of game, does not, to my mind, constitute an actual occupancy of the whole tract of 14,000 acres.    (*Thompson* v. *Burhans*, 61 N. Y., 52 ; *Same* v. *Same*, 79 id., 93.)

The determination of the Comptroller should be affirmed, with costs and printing disbursements.

MAYHAM, P. J., and PUTNAM, J., concurred.

Determination of Comptroller affirmed, with costs and printing disbursements.