(156 App. Div. 290.)

### HAMMOND v. VAN RIPER et al.

(Supreme Court, Appellate Division, Second Department. April 11, 1913.)

1. TAXATION (§ 703*)—REDEMPTION FROM TAX SALE—NOTICE—"OCCUPANT"— "OCCUPANCY."

Under Tax Law (Consol. Laws 1909, c. 60) § 134, providing that if, at the expiration of the time for redemption of land sold for taxes, it shall be in the actual occupancy of any person, the grantee to whom it shall have been conveyed or the person claiming under him shall within one year from that time serve written notice upon such occupant, either personally or by leaving it at the dwelling house of· the "occupant," which term shall be construed to mean a person who has lawfully entered upon the lands so occupied and is in exclusive possession thereof, and the term "occupancy" to mean the actual lawful and exclusive use and possession thereof by such an occupant, a foreign corporation, which had been granted a right of way through and over vacant salt meadow land for the construction and maintenance of oil pipes, to be laid so as not to interfere with the usual cultivation of the premises, which laid such pipes, part of which were under water, was not in the actual occupancy of the land, so as to be entitled to such notice.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1413–1417; · Dec. Dig. § 703.*

For other definitions, see Words and Phrases, vol. 1, pp. 4898–4906.]

2. APPEAL AND ERROR (§ 934*)—PRESUMPTION OF VALIDITY OF JUDGMENT.

Every inference is in favor of the validity of a judgment appealed from, and the burden rests upon the appellant to show the contrary.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777– 3781, 3782; Dec. Dig. § 934.*]

Appeal from Special Term, Richmond County.

Action by Claude R. Hammond against Minnie H. Van Riper and others. From portions of an interlocutory judgment, confirming the report of a referee, defendant John L. McCloskey appeals. Affirmed. See, also, 139 App. Div. 920, 124 N. Y. Supp. 1116.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

John J. Crawford, of New York City, for appellant.

William M. Mullen, of New York City, for respondents Rosenberg.

Clarence A. Farnum, of Wellsville, for respondent Tide-Water Pipe Co., Limited.

HIRSCHBERG, J. The action was instituted for the partition of certain vacant salt meadow land in the county of Richmond. The land was sold by the comptroller of the state of New York for unpaid taxes on February 10, 1900, and purchased by Horatio J. Sharrett. Thereafter Sharrett and wife conveyed an undivided one-fourth

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

interest, each, to one Ella H. Post and to the defendant Minnie H. Van Riper, and an undivided one-half interest to the defendant Charles Rosenberg. Before the commencement of the action, the plaintiff acquired the interest of Ella H. Post, and during the pendency of the action the interest of the defendant Minnie H. Van Riper.

In 1893, the then owner of the land, Jacob Hatfield, died intestate, survived by a son, John J. Hatfield, and three daughters, a Mrs. Griffith, Ella H. Post, and the defendant Minnie H. Van Riper. April 30, 1900, Mrs. Griffith conveyed her interest to Frank D. Willson, and thereafter such interest was conveyed by various mesne conveyances to the defendant John L. McCloskey, the sole appellant. In 1888, said Jacob Hatfield granted to the defendant the Tide-Water Pipe Company, Limited, by an instrument in writing duly recorded, a right of way through, over, in, and upon said land "for the purpose of constructing a line of iron pipes for the transportation of petroleum in such manner and with such other facilities as said grantee may deem necessary, and with free ingress and egress to construct, operate, maintain, and from time to time repair and remove the same." The agreement also provided that the pipes should be so laid "as not to interfere with the usual cultivation of the premises, nor with any buildings thereon." Shortly after the Pipe Company constructed a line of 6-inch iron pipe across the land, a distance of about 1,375 feet, with a valve box about 2 feet high and about 2 feet square at each end, and a board sign about 14 feet long, 4 feet wide, and 10 feet above the surface of the soil at the west end, upon which were printed the words: "Pipe Crossing. Don't Anchor." The boxes and sign were visible, but whether any of the pipe line was above the surface does not clearly appear; the record before us containing none of the evidence given upon the trial, but only the judgment roll. From the sign it is manifest that some portion of the pipe line must have been under water.

[1] The interlocutory judgment appealed from adjudges that the comptroller's sale was valid, conveying the entire premises to Sharrett, subject to the easement of the Pipe Company, and that Ella H. Post and the defendant Minnie H. Van Riper each acquired an undivided one-fourth interest, and the defendant Charles Rosenberg an undivided one-half interest in the land, by virtue of the subsequent grants from Sharrett. The plaintiff, by virtue of grants from Mrs. Post and Mrs. Van Riper, is now entitled to an undivided one-half interest in said land, and the defendant Rosenberg to the other undivided one-half part thereof. The defendant McCloskey has appealed from this determination, and claims a one-fourth interest in the premises on the ground that the tax sale to Sharrett was invalid, and therefore did not convey the interest of his grantors to Sharrett. The ground of invalidity urged against the tax sale is that the Pipe Company was in the actual and exclusive occupancy of that portion of the land where its pipe line was situated, and therefore entitled to a written notice of the sale under section 134 of the Tax Law, which notice was not given. That section, so far as material, reads as follows:

"If any lot or separate tract of land sold for taxes by the comptroller and conveyed, or any part thereof shall, at the time of the expiration of

one year given for the redemption thereof, be in the actual occupancy of any person, the grantee to whom the same shall have been conveyed, or the person claiming under him, shall within one year from the expiration of the time to redeem, serve a written notice on the person occupying such land, either personally or by leaving the same at the dwelling-house of the occupant, with a person of suitable age and discretion belonging to his family. * * * The term 'occupant' shall be construed to mean a person who has lawfully entered upon the land so occupied, and is in possession of the same to the exclusion of every other person. And the term 'occupancy' shall mean the actual lawful and exclusive use and possession of such lands and premises by such an occupant." Tax Law (Consol. Laws 1909, c. 60) § 134.

I do not think that the Pipe Company was entitled to the notice specified in the statute. In the case of People ex rel. Marsh v. Campbell, 67 Hun, 590, 22 N. Y. Supp. 458, affirmed 143 N. Y. 335, 38 N. E. 300, the term "actual occupancy," as used in the statute, received careful consideration from Mr. Justice Herrick, writing for the General Term of the Third Department. The learned justice said (67 Hun, 592, 22 N. Y. Supp. 459):

"The object of the statute, as was said by Nelson, J., in Comstock v. Beardsley, 15 Wend. 348, in speaking of a similar statute, is to 'afford to any person who might happen to be an occupant * * * an opportunity to redeem, presuming that he was either owner or in some way legally interested in the land.' * * * The statute seems to have contemplated an actual residence or dwelling house, it might be without claim of title, merely the possession of a squatter, but still the establishment of a household. It reads: 'Such notice may be served personally, or by leaving the same at the dwelling house of the occupant with any person of suitable age and discretion belonging to his family.' "

In People ex rel. Keyes v. Miller, 90 App. Div. 596, 86 N. Y. Supp. 189, it appeared that the Adirondak League Club purchased 9,000 acres of land in the Adirondak Mountains, and used the tract as a forest, fish, and game preserve, and that within the tract was a lot of 570 acres across which trails were cut through the forest, and that a boat landing was built upon the shore of a lake partly within such lot. Notices seem to have been posted, warning people from trespassing on the lot, and stating that it was used as a private park. The court held that the club was not an actual occupant of the lot within the meaning of the statute. It said (90 App. Div. 598, 86 N. Y. Supp. 191):

"The statute in question (section 134) requires that the *person* upon whom notice must be served shall be in the 'actual occupancy' of the tract or parcel of land which the comptroller had sold, and it seems to me that, in the very nature of the use to which the club puts its land, it cannot have such an occupancy, nor can any of its servants have it, unless perhaps it be of some small parcel thereof upon which a permanent residing place has been created for him. Although the occupancy here is not invoked for the purpose of establishing an adverse user, yet the definition given in section 134 of the Tax Law (supra) is at least as precise and explicit as was the word 'possession' which section 370 of the Code defined. It must be the *actual* occupant upon whom the notice is to be served."

Within the doctrine of these cases, I do not think that a foreign corporation, such as the Pipe Company, maintaining a 6-inch pipe line upon or under the surface of a vacant salt meadow and partly under water, pursuant to an agreement, that such pipe line shall not "inter-

fere with the usual cultivation of the premises, nor with any buildings thereon," is in the actual occupancy of the land as that term is employed in the statute in question.

None of the many cases cited by the learned counsel for the appellant is in point with the facts in the cases at bar, as each presents an instance where the land sold was in the actual and open occupancy of some person or persons dwelling thereon under claim of right or title, or the actual occupancy was conceded. While the referee in the case at bar did find as a fact that the Pipe Company was in the actual occupancy of a portion of the premises in question, such finding would appear in reality to be a mere conclusion of law as the construction of the term "actual occupancy," as used in the statute is necessarily a question of law. The learned justice at Special Term modified this erroneous conclusion to accord with the facts as found by the referee. No point is made on this appeal challenging the regularity of the modification of the finding in question by the learned justice at Special Term, and the evidence taken is not made a part of the record. At the request of the company, the learned referee did find specific facts stating the exact nature of the occupation of the premises by the company and the specific acts of the company in connection with the use of its pipe line.

[2] Every inference being in favor of the validity of the judgment appealed from, and the burden resting on the appellant to show the contrary, it would seem to be the reasonable view that the actual facts were not in dispute, and that the finding of actual occupancy was a legal conclusion only, and, as such, within the power of the Special Term to modify and correct.

The interlocutory judgment, in so far as appealed from, should be affirmed, with costs. All concur.