ROBERT F. LITTLE and JULIA LITTLE FAULKNER, Plaintiffs, *v.* CHARLES J. RILEY, Defendant.

Supreme Court, Franklin County, May, 1923.

**Real property — tax sale — occupancy — failure to give owner notice of tax sale or notice to redeem — when deed void.**

To constitute occupancy within the meaning of section 134 of the Tax Law it is not necessary that a person build a house upon land or that he live there.

Prior to the enactment of chapter 159 of the Laws of 1918 which includes Franklin county among the counties in which the county treasurer is authorized to sell land for unpaid taxes, such taxes in Franklin county were returned to the state comptroller. While plaintiffs were the owners and in lawful occupation of a parcel of land on Spitfire lake in the southern part of Franklin county, to the exclusion of all other persons, the county treasurer on November 7, 1919, sold

Supreme Court, May, 1923.　　　　　[Vol. 120

the land for the unpaid taxes of 1917 and 1918; amounting to thirty-five dollars and fourteen cents. In an action to set aside a tax deed of the premises, executed by the county treasurer to defendant on August 4, 1921, and recorded, the evidence and circumstances warranted the inference that the change in the statute was responsible for plaintiffs' want of knowledge that a tax had been levied upon the property which had not been paid and it was conceded that plaintiffs had not been served with a notice of the tax sale. *Held*, that no notice to redeem having been served upon plaintiffs, the deed to defendant was void and will be set aside as a cloud upon the title.

The fact that the land sold was connected by water with the camp where plaintiffs lived, only a half mile distant and in sight thereof; that it was used in connection with said camp and that signs were upon it showing the ownership, constituted an occupancy within the authorities.

ACTION to set aside a tax deed.

*John M. Cantwell*, for plaintiffs.

*George J. Moore*, for defendant.

ANGELL, J. Plaintiffs contend that while they were the owners of a parcel of land on Spitfire lake, in the southern part of Franklin county, the land was sold for taxes; that the proceedings in connection with the sale were irregular, and that the tax deed given to defendant, the purchaser at the sale, is void and its record constitutes a cloud upon their title. Numerous grounds of irregularity are asserted; among others that the plaintiffs were occupants of the property, and that no notice of the sale was given to them as required by section 134 of the Tax Law. It is conceded that no notice of the sale was served upon the plaintiffs, so that if the parcel in question was in fact occupied land, plaintiffs must prevail.

The premises were sold for the taxes of 1917 and 1918 by the county treasurer. Chapter 159 of the Laws of 1918 included Franklin county among the counties in which the county treasurer is authorized to sell for unpaid taxes. Prior to that time unpaid taxes in Franklin county were returned to the comptroller. The evidence and circumstances warrant the inference that this change was responsible for plaintiffs not knowing that a tax had been levied on this property which had not been paid. The sale occurred November 7, 1919. The amount of the tax for which the sale was had was thirty-five dollars and fourteen cents. On August 4, 1921, the county treasurer executed to defendant a deed of the premises which has been recorded.

The parcel in question is situate on the northerly shore of Spitfire lake in lot 82 in the town of Brighton, and consists of about three acres, having a frontage of something over 300 feet on the lake. Spitfire lake is a small body of water lying between Upper St. Regis lake on the south and Lower St. Regis lake on the north, and connected with each by a short and narrow channel. The Spitfire

parcel was purchased by the plaintiffs' father in 1893 or 1894. At that time the father owned another tract on Upper St. Regis lake, near the channel entrance and about one-half mile distant from the parcel in suit, and overlooking it. Upon the premises on Upper St. Regis lake there was a camp of considerable size, consisting of several buildings, one used for a living room and dining room, another for kitchen and laundry with servants' bedrooms above, another containing bedrooms for the owner, another building for employees, seven permanent tent platforms with board flooring, and other structures. This property was occupied by the father of the plaintiffs with his family up to the time of his death, after that by the mother to the time of her death, and from that time by the son and daughter, who are the plaintiffs, and to whom the title to both parcels descended. The occupancy of the son and daughter has not been personal at all times, they having rented the property to others for various seasons. The facts in connection with the nature and occupancy of this camp are important because of the use of the Spitfire parcel in connection therewith.

At the time of the purchase of the Spitfire site, an uncle of plaintiffs with his family was occupying an adjacent tract. With the consent of plaintiffs' father a tent platform was built by the uncle upon the site in question, and a " slope " (as it is called in the evidence) where boats could be run up was built there and used by the uncle for landing heavy articles for his camp. At that time a trail was cut by plaintiffs' father from this boat landing northerly or northwesterly across his lot and lands of the Paul Smith Hotel Company to the St. Regis river for the purpose of quick access to Keyes Mills and the St. Regis Golf Club on the St. Regis river. This trail shortened the distance from the camp to the golf club and Keyes Mills by perhaps one and a half miles, for, if it was not used, it was necessary to go by boat through Spitfire lake, through the channel connecting with Lower St. Regis lake, then through that lake and down the river. The golf club is used by people generally in that section, and by plaintiffs' family. There has been on the Spitfire parcel for a good many years, and was at the time of its assessment and sale for the taxes in question, a large sign six feet wide by four feet high, stating that the property was for sale, and that application should be made to Robert S. Little (one of plaintiffs), giving his New York city address. There were also on the lot trespass notices, with Mr. Little's name as owner of the property.

The Tax Law, section 134, provides: " The term ' occupant ' shall be construed to mean a person who has lawfully entered upon the land so occupied, and is in possession of the same to the exclusion of every other person."

That plaintiffs had lawfully entered upon this land cannot be questioned. Neither can the fact that the dominion which they exercised over it was to the exclusion of all other persons. To constitute occupancy it is not necessary that a person build a house upon land, or that he live there. This is contemplated by the Tax Law, for section 134 provides that if the occupant does not reside in the tax district in which the real estate is situated, the notice may be served by mail. The purpose of the Tax Law is to provide for the collection of taxes — not to make easy the forfeiture of one's property to another. Because of this, the tendency of the authorities is to construe statutes of this kind liberally in favor of the occupants or owners. *Clark* v. *Kirkland,* 133 App. Div. 826; affd., 202 N. Y. 573. An occupancy that would constitute adverse possession and which might ripen into a title in twenty years, is not what the statute contemplates. *Comstock* v. *Beardsley,* 15 Wend. 348.

The fact that this tract was connected by water —" a nature's highway "— with the camp where plaintiffs lived, only a half mile distant and in sight thereof; that it was used in the manner above set forth in connection with that camp, and that signs were upon it showing the ownership, clearly constitutes an occupancy within the authorities. *Clark* v. *Kirkland, supra; People ex rel. Lake Placid Co.* v. *Williams,* 145 App. Div. 34; *People ex rel. Moynehan* v. *Gaus,* 134 id. 80; *Nichols* v. *Kellas,* 90 Misc. Rep. 432; affd., 173 App. Div. 923.

It follows that the defendant's deed is void because no notice to redeem was served upon plaintiffs. This conclusion makes unnecessary the consideration of the other points discussed in the briefs of counsel.

Judgment is awarded, with costs, in favor of plaintiffs for the relief asked for in the complaint.

Judgment accordingly.