PETER H. WITHERHEAD, Appellant, *v.* ANTHONY ORT, Respondent.

Third Department, May 24, 1928.

Taxation — tax title — action to set aside two mortgages owned by defendant as clouds on plaintiff's title to farm land in county of Fulton — in 1914 property was conveyed to plaintiff — in 1920 property was sold for taxes levied prior to 1916 — purchaser at tax sale served notice after expiration of period of redemption on one of prior owners — property was assessed in name of prior owners and not in name of plaintiff — tax sale valid, notwithstanding property was assessed to person not then owning it (Tax Law, §§ 9, 55-a) — tax deed presumptive evidence of regularity — burden on plaintiff to show that land was " occupied " and that he was " occupant," under Tax Law, § 134, in order to establish necessity of serving him with notice — no evidence that land was occupied by plaintiff or any one at time of expiration of one year given for redemption — mortgages were given by subsequent purchaser of tax title — papers in prior ejectment action against another defendant, not admissible — plaintiff cannot recover.

This is an action to set aside two mortgages owned by the defendant as clouds on plaintiff's title to land situate in Fulton county. In 1914 the land was conveyed to the plaintiff. It was sold in 1920 for taxes levied prior to 1916. In 1915 the land was assessed in the name of the original owners.

The tax sale was valid, notwithstanding the land may have been assessed in the names of those who did not actually own the record title (Tax Law, § 9), for the name of the owner in no wise affects the validity of the assessment but is simply a means of identifying the property. (Tax Law, § 55-a.)

The purchaser on the tax sale transferred the lands to another, who executed the mortgages in question. After the expiration of the period of redemption, notice was served on one of the former owners, but not on the plaintiff. The tax deed is, under section 131 of the Tax Law, presumptive evidence of regularity of all prior proceedings and that all notices required by law have been given, and, therefore, the burden is upon the plaintiff to show that the land was " occupied ",

and that he was the person upon whom, as " occupant," it was necessary to serve notice of the tax sale, pursuant to section 134 of the Tax Law, and this rule was not changed by chapter 171 of the Laws of 1902, which amended section 134 of the Tax Law of 1896 by providing for service of notice by mail where the occupant does not reside in the tax district, which provision has been continued in section 134 of the present Tax Law.

The evidence shows that the plaintiff resided about 170 miles from the property, and, according to his own testimony, visited it but twice, once in 1916 and once in 1923, and that he never lived on or occupied the farm. The plaintiff failed to prove that the land was in fact occupied by anybody at the time of the expiration of one year given for the redemption.

" Occupancy " means actual occupancy and possession, and the term " occupant " means a person who has lawfully entered upon the land and is in possession of the same to the exclusion of every other person. Under the facts developed in this case, the land was not occupied nor was the plaintiff an occupant of the land, and, therefore, the plaintiff has not sustained the burden placed upon him of showing the necessity of serving him with notice, and he cannot recover.

Judgment rolls in certain ejectment actions brought by the plaintiff against a third person, wherein judgment was entered by stipulation, are not binding upon the defendant, who was not a party to those actions, and cannot avail to cut off his rights as the *bona fide* holder of mortgages for value executed prior to the ejectment actions.

DAVIS and HILL, JJ., dissent, with opinion.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Fulton on the 7th day of December, 1927.

*Forrest K. Moreland,* for the appellant.

*Jeremiah Wood,* for the respondent.

HINMAN, J. This action was brought to set aside two mortgages owned by the respondent as clouds on the appellant's title to about eighty acres of farm land in the town of Johnstown, county of Fulton in this State.

On November 18, 1914, Minnie A. Witherhead gave to the appellant a warranty deed of this property which was duly recorded in the Fulton county clerk's office on January 12, 1915. In December, 1920, the State Comptroller sold said property for non-payment of taxes levied prior to the year 1916. The sale was made to Fay C. Baker of Gloversville. On the assessment roll for 1915 the property appeared in the names of George H. and Minnie A. Witherhead. The year given by statute (Tax Law, § 127) for the redemption of the property from said sale expired December 22, 1921. Within the year from the expiration of the time to redeem, it seems that Baker served notice of the tax sale on George H. Witherhead. No notice was served on the appellant. There having been no redemption, the State Comptroller deeded the premises to Fay C. Baker. Baker conveyed the land to one Alfred Allen. On March 3, 1924, Allen

executed a mortgage on the land for $1,000 to the respondent and on May 16, 1924, another mortgage of $1,350 to the respondent. The appellant contends that the tax title was defective, in that the land was assessed to George H. Witherhead and Minnie A. Witherhead, instead of to Peter H. Witherhead, the appellant herein, and also because no notice of the tax sale was served on the appellant as "occupant" of the premises as required by section 134 of the Tax Law. Thus the appellant urges that Allen obtained no title and that the mortgages given by him were clouds on the appellant's title which the court should direct to be removed.

Assuming that the appellant held the record title to the property at the time of the assessment, which does not clearly appear, the tax sale was valid even though the property was assessed to George H. and Minnie A. Witherhead. "In all cases the assessment shall be deemed as against the real property itself, and the property itself shall be holden and liable to sale for any tax levied upon it." (Tax Law, § 9, as amd. by Laws of 1911, chap. 315; re-enacted as amd. by Laws of 1916, chap. 323.) "The entry of the name of the owner, last known owner or reputed owner of a separate parcel or portion of real property shall not be regarded as part of such assessment, but merely as an aid to identify such parcel upon the roll." (Tax Law, § 55-a, as renum. re-enacted and amd. by Laws of 1916, chap. 323, being formerly § 63, as amd. by Laws of 1911, chap. 315. See, also, Smith v. Russell, 172 App. Div. 793, 797.)

The tax deed to Baker is made, by the statute, "presumptive evidence that the sale and all proceedings prior thereto, from and including the assessment of lands sold, and that all notices required by law to be given previous to the expiration of the time allowed by law for the redemption thereof, were regular and in accordance with all the provisions of law relating thereto." (Tax Law, § 131.) The burden of proof was on the appellant to show that the land was "occupied" and that he was the person upon whom, as "occupant," it was necessary to serve notice of the tax sale, pursuant to section 134 of the Tax Law. (Wells v. Johnston, 55 App. Div. 484, 486; Cary v. Given, 144 id. 221, 224.) Said section 134 provides that if any lot or separate tract of land sold for taxes shall, "at the time of the expiration of one year given for the redemption thereof, be in the actual occupancy of any person," the grantee shall serve a written notice on the person occupying such land.

The year for redemption in this case expired December 22, 1921. The appellant resided on a farm near Ogdensburg, about 170 miles distant from the property. He testified that he visited the farm in question in 1916 and again in 1923. Apparently he never lived

there and he was not upon the farm at all during 1921, nor in fact during the period from 1916 to 1923. He would not say that anybody was on the farm during 1921. He did not know whether it was cultivated between 1917 and 1923. He did not engage anybody to look after the farm during that period. So far as he knew nobody looked after it during that period unless his brother, George H. Witherhead, did, and there is no proof that George, who lived at Gloversville, a short distance from the property, did. The appellant had had some trouble with his brother George in relation to the property and he had told George he did not want him to look after the farm. He could not get any revenue from the farm and apparently abandoned it. The respondent, who was the only other witness, testified that he lived three or four miles away from the property in question " across the country " and occasionally drove past it. He could not remember " for sure " whether the house was vacant in 1921 but did not know of any one living at the farm.

The proof falls far short of establishing that the appellant was the " occupant " of the farm and entitled to written notice to redeem. Indeed there is a lack of proof that the farm was occupied at all at the time of the expiration of the redemption year or for years prior or subsequent thereto. The term " occupant," as defined in section 134 of the Tax Law, means " a person who has lawfully entered upon the land so occupied, and is in possession of the same to the exclusion of every other person." And, as defined by the same section, the term " occupancy " means " the actual lawful and exclusive use and possession of such lands and premises by such an occupant." Moreover, by a long line of decisions an " occupant " under the Tax Law has been held to be one who has been in " actual possession as distinguished from legal possession." (*People ex rel. Turner* v. *Kelsey*, 96 App. Div. 148, 149; revd., on other grounds, 180 N. Y. 24.) The appellant contends, however, that section 134 of the Tax Law has been amended since the facts arose which were involved in the decision in *People ex rel. Turner* v. *Kelsey* (*supra*) and cases cited therein, and refers to Laws of 1902, chapter 171 (amdg. Tax Law of 1896, § 134), by which the following provision was added to said section and continued in section 134 of the present Tax Law as follows: " If the occupant does not reside in the tax district in which the real estate is situated the notice may be served by mail in the manner required by law in respect to notices of nonacceptance or nonpayment of notes or bills of exchange. Service on one joint tenant or tenant in common shall be service on all the joint tenants or tenants in common. Service on a tenant shall be service on

his landlord." We need not make a comprehensive interpretation of the legislative intent in including in the term " occupant " one who is not a resident of the tax district in which the property is situated. It is sufficient to note that " occupancy " is nevertheless required and it must be " actual occupancy." The section was not amended in that particular. If there is actual occupancy either through agent, employee or tenant, or by a joint tenant or tenant in common, a fact readily ascertainable upon the premises, there exists no difficulty in giving the proper notice under the statute. In such a case the statute prescribes that " notice *may* be served by mail " upon the non-resident owner. In the case at bar the appellant has wholly fa'led to prove that the land was in fact occupied by anybody " at the time of the expiration of one year given for the redemption." Therefore, he has failed to prove the necessity of serving any one.

During the trial the appellant offered in evidence judgment rolls in certain ejectment actions which he had brought against Alfred Allen and certain grantees of Allen, involving the premises in question. The appellant had been permitted to enter judgment in his favor in each of these actions, upon stipulation and without trial. The respondent Ort was not a party to any of these actions and there is no proof that he knew anything about them. The judgments in such actions do not bind the respondent and cannot avail to cut off his rights as the *bona fide* holder of mortgages for value executed prior to such ejectment proceedings.

The appellant has not raised any other issue upon this appeal except the refusal of the court to make certain findings in conformity with the contentions of the appellant already considered. The requested findings were properly refused and the dismissal of the complaint was properly ordered.

The judgment should be affirmed, with costs.

VAN KIRK, P. J., and WHITMYER, J., concur; DAVIS, J., dissents with an opinion in which HILL, J., concurs.

VAN KIRK, P. J., (concurring). The words in the Tax Law (§ 134) which have occasioned difference of opinion are: " If the occupant does not reside in the tax district in which the real estate is situated the notice may be served by mail  * * *." It is said that the word " may " is the equivalent of " shall," and " occupant " means " owner." I cannot think so.

If " occupant " means " owner," why did the Legislature fail to so declare? And why did it fail to change the definition of " occupant," and " occupancy," in this section? These definitions do not correctly describe an owner. The statute still requires the

redemption notice to be served upon the person in "actual occupancy" of the premises. A non-resident owner cannot in person be in occupancy of the premises.

It is claimed that the owner of the legal title is in constructive possession, and thus when land is not physically occupied by any one the owner is the actual occupant. If this be true, except in case of State lands, there would be no lands in the State which are not actually occupied; and notice would have to be served in every case. This the statute has never required. Also constructive excludes the actual.

I note that in the Tax Law, unless in the words quoted, no notice is required to be served upon a non-resident owner. Notices by the collector are given by posting in five conspicuous places in the tax district, and no other notice is required. (Tax Law, § 69, re-enacted as amd. by Laws of 1916, chap. 323.) The statute, however, gives some protection against default in payment of taxes to such owner. Under sections 69 or 69-a and 70 (as amd. added and re-enacted by Laws of 1909, chap. 207; Laws of 1916, chap. 323, and Laws of 1923, chap. 549), he may acquire information where and when to pay his taxes and the amount thereof.

The notice to redeem must be given by the Comptroller's grantee, but the grantee has no reasonable means of learning the name and address of the owner. The assessment roll will not inform him. The tax is against the land and not the owner. The Legislature could hardly have intended that the grantee must seek through the intricacies of title records to learn who is the owner. Yet if he must serve the non-resident owner by mail and fails to do so, his title is forever void.

The word "may" is permissive, not mandatory. There is a reason for permitting service by mail. The redemption notice must be served within one year after the expiration of the redemption period. The lands may have been actually occupied at the end of the redemption period, and may have been vacated immediately thereafter. Yet the statute is mandatory that the redemption notice must be served upon the person actually occupying at the expiration of the redemption period, "either personally or by leaving the same at the dwelling-house of the occupant." So if the person who was occupying has become a non-resident when the notice is to be served, the statute now permits that the notice be served on him by mail.

HINMAN and WHITMYER, JJ., concur.

DAVIS, J. (dissenting). As to the questions at issue the evidence in this case is meager both in volume and in facts. It appears that

in 1914 the plaintiff acquired title by deed to a farm of eighty acres situate in the town of Johnstown, Fulton county. He was " on the farm " in the spring of 1916. His residence was near Ogdensburg, about 170 miles distant. Evidently he made some arrangement with his brother, George H. Witherhead, about the management of the farm and as to turning over " rentals " to him as owner.

George did not occupy the farm but resided elsewhere. This arrangement for management was discontinued at a date not given. The plaintiff did not return to the farm between 1917 and 1923, and did not know whether it was cultivated during that period. Except possibly as occupied at times by croppers, the farm seems to have been vacant.

In December, 1920, the farm was sold by the Comptroller for non-payment of taxes levied prior to the year 1916. It seems that the property was treated by the tax officials as belonging to George H. Witherhead, and notices were served on him. No attempt was made to give notice to plaintiff, who held title and was at least in constructive possession. (*Wainman* v. *Hampton*, 110 N. Y. 429.) No one claims that the premises were occupied by George H. Witherhead. A subsequent grantee of the purchaser on the tax sale gave a mortgage on the premises to defendant. Judgment has heretofore been entered ejecting the mortgagor from the premises.

Owners may be deprived of title by the sale of land for unpaid taxes. (Tax Law, arts. 6, 7.) But there must be substantial compliance with the procedure prescribed before the owner is completely divested of his title. He or an occupant may redeem after sale (Tax Law, § 127); and if there be actual occupancy by any person, written notice must be given to the occupant. (Id. § 134.) In the last section cited it is provided: " * * * If the occupant does not reside in the tax district in which the real estate is situated the notice may be served by mail in the manner required by law in respect to notices of nonacceptance or nonpayment of notes or bills of exchange. Service on one joint tenant or tenant in common shall be service on all the joint tenants or tenants in common. Service on a tenant shall be service on his landlord. The term ' occupant ' shall be construed to mean a person who has lawfully entered upon the land so occupied, and is in possession of the same to the exclusion of every other person. And the term ' occupancy ' shall mean the actual lawful and exclusive use and possession of such lands and premises by such an occupant. . * * *."

Was the plaintiff an occupant? He had title, had lawfully

entered upon the farm, exercised dominion over it and no one has disputed his lawful and exclusive use and possession. There have been varying definitions of " occupation " and " occupancy," depending sometimes upon the use of the word in a statute and at other times upon the relation of the parties. The statutes concerning tax sales have changed in their requirements from time to time relative to the notice required to perfect title. (See *People* v. *Ladew*, 237 N. Y. 413, 422 *et seq.*) Occupation by one claiming by adverse possession has a different significance from the constructive possession and occupancy which is attributed to the holder of the legal title. (*Monnot* v. *Murphy*, 207 N. Y. 240; *People* v. *Ladew, supra,* 426.) There seems to be a distinction as to occupancy between wild forest lands and lands under cultivation. (Cf. *People ex rel. Marsh* v. *Campbell*, 67 Hun, 590; affd., 143 N. Y. 335; *People ex rel. Chase* v. *Wemple*, 144 id. 478.) The learned court below relied on the authority of *People ex rel. Turner* v. *Kelsey* (96 App. Div. 148) in determining that plaintiff was not an occupant entitled to notice. That case held that the Forest Commission was not in actual occupancy of lands so that it was entitled to redeem; and it was said that an occupant under the Tax Law must be one who has made actual and substantial improvements and has been in actual possession, as distinguished from legal possession. The lands there under consideration were wild and vacant, within the Forest Preserve. The decision was reversed on appeal (180 N. Y. 24) and it was held that the Commission was an occupant for the reason that through its employees it gave care to and exercised control over the property. Even if we assume that what was said in the decision in the Appellate Division was not disapproved but the reversal was based on a different view of the facts, and disregard the fact that the court was there speaking of wild and vacant lands — the statute then in force requiring notice to an occupant has been changed by adding provisions which have been heretofore quoted.

Early conceptions of " occupation " have broadened. Formerly it meant actual physical occupation. Now it may mean the possession by right of ownership though the lands be vacant. (*People* v. *Ladew, supra,* 433.) I think the amendment made to section 134 of the Tax Law of 1896 by chapter 171 of the Laws of 1902, which has been continued in section 134 of the present Tax Law, has regard for the more liberal definition of " occupant " and " occupancy," for it assumes that the occupant may not reside in the tax district in which the real estate is situated. He could not well reside without the tax district and be in physical occupation of lands that were vacant, so some other form of occupancy must have

been contemplated by the Legislature in providing for the giving of notice. Under the facts as they appear, I think the plaintiff was an " occupant " entitled to the notice the statute prescribes.

The record contains no findings signed by the court nor does there appear to have been a motion for a nonsuit or for dismissal of the complaint. It is difficult to determine upon what theory the judgment was entered. The record is too barren of essential facts to permit new findings to be made by this court. I think there should be a new trial. I favor reversal.

HILL, J., concurs.

Judgment affirmed, with costs.