The West End Brewing Company, Appellant, *v.* Charlotte G. Osborne, Respondent.

Third Department, November 20, 1929.

*Curtin & Curtin* [*Murray Curtin* of counsel], for the appellant.

*Edgar W. Snell*, for the respondent.

Whitmyer, J. The action was brought to recover the possession of two lots of land, sold at a tax sale, and to cancel the tax deed thereof. They are located partly in the county of Schenectady and partly in the county of Albany, on the much-traveled Albany-Schenectady State road. The plaintiff, a corporation with its principal office and place of business in Utica, N. Y., was the owner at the time of the sale and had been since April 15, 1913. The county treasurer of Schenectady county duly sold them on October 29, 1926, for the taxes assessed for 1926, for the sum of twenty dollars, taxes, interest and expenses, and issued a tax sale certificate to the purchaser, who later assigned it to defendant. And the county treasurer of the county, on November 18, 1927, executed and delivered a tax deed thereof to defendant, who thereupon recorded the deed. Thereafter and on March 16, 1928, plaintiff filed with the county treasurer an affidavit that it had

been and was the owner and that defendant had not given the required notice to redeem, whereupon the county treasurer, upon the payment of the sum of forty-three dollars and sixty-one cents, the amount necessary to redeem, gave a deed thereof to plaintiff. By the judgment that deed has been declared void on the ground that the lots were not actually occupied at the expiration of the redemption period. They were not inclosed or cultivated and no structure was on them, except a two-way signboard, ten by forty feet, which advertised plaintiff's products. There was evidence that plaintiff erected the sign in 1920, and that its name was on it. But there was evidence, also, and the court found that plaintiff's name was not on it. And there was evidence that the sign was repainted and repaired from time to time during the years, although the evidence does not specifically show who did it. Whether or not the lots were actually occupied at the end of the redemption period is the only question. By virtue of section 158 of the Tax Law section 134 thereof is applicable here. Notice to redeem, as required by section 134, was not given, so that plaintiff is entitled to judgment, if they were so occupied. Section 134 defines an " occupant " as a person who has lawfully entered upon the land in question and is in possession thereof to the exclusion of every other person, and " occupancy " as the actual, lawful and exclusive use and possession of such land by such an occupant. And the section provides that the required notice may be served by mail as required in respect to notices of non-acceptance or non-payment of notes or bills of exchange, if the occupant does not reside in the tax district in which the real estate is situated. Statutes of this kind are liberally construed in favor of the occupant or owner. (*Clark* v. *Kirkland,* 133 App. Div. 826; affd., 202 N. Y. 573.) It is clear that a person may be an occupant, within the meaning of the section, without residing in the tax district. To constitute occupancy, it is not necessary that a person build a house upon the land or reside there. (*People ex rel. Lake Placid Co.* v. *Williams,* 145 App. Div. 34, 38; *Little* v. *Riley,* 120 Misc. 707, 710.) The statute does not contemplate an occupancy, which would constitute adverse possession and ripen into a title in twenty years. (*Comstock* v. *Beardsley,* 15 Wend. 348; *Little* v. *Riley, supra.*) " Actual possession is the same as *pedis possessio* or *pedis positio* and these mean a foothold on the land, an actual entry, a possession in fact, a standing upon it, an occupation of it, as a real demonstrative act done." (*Churchill* v. *Onderdonk,* 59 N. Y. 134, 136.) And actual possession " is usually evidenced by occupation * * * or by appropriate use according to the particular locality and quality of the property." (48 C. J. 780.) The lots were not

vacant. The sign was on them. The location was suitable for advertising and plaintiff erected the sign and used and maintained it to advertise its products. Although its name as owner did not appear thereon, nevertheless its products were advertised. The use was an appropriate one according to the locality and constituted an actual occupancy within the meaning of the section.

The judgment should be reversed.

HILL and HASBROUCK, JJ., concur; VAN KIRK, P. J., dissents, with a memorandum in which DAVIS, J., concurs.

VAN KIRK, P. J. (dissenting). The one question is whether the premises were occupied at the expiration of the period of redemption. The premises were in a residential section; they were not inclosed, not cultivated, nor built upon, not in any wise improved. There was solely a large signboard advertising products sold by plaintiff — a very lonesome occupancy. The only name on the signboard was "General Outdoor Advertising Company," a stranger.

A redemption notice was not served on any person as occupant as provided in section 134 of the Tax Law and thus the deed executed by the county treasurer to the defendant is void if the premises were occupied within the meaning of the statute at the expiration of the period of redemption. (*Ostrander* v. *Reis*, 206 N. Y. 448.) This section 134 discloses two purposes to be accomplished by service of the notice: *First*, to aid a person in securing his right of redemption (Tax Law, § 127); *second*, to protect the right of the purchaser at the tax sale. The first is accomplished by service of the required notice on the occupant, it being presumed that such notice will reach the owner or party who has the right to redeem. Thus it is provided that " service on a tenant shall be service on his landlord." The second by requiring that the service shall be on the person who is in " actual occupancy," " either personally or by leaving the same at the dwelling-house of the occupant, with a person of suitable age and discretion belonging to his family." This notice must be served by the grantee under the tax sale, or the person claiming under him.

There is a plain distinction between " owner " and " occupant." (*Stewart* v. *Crysler*, 100 N. Y. 378.) The owner may or may not be the actual occupant. If he be in actual occupancy at the expiration of the period of redemption he must be served with notice in the manner required or permitted, although he be a non-resident at the time the service is to be made, namely, within one year after the expiration of the period of redemption. In such circumstance he cannot be personally served as provided for in the first sentence of the section, but the second sentence provides:

" If the occupant does not reside in the tax district in which the real estate is situated the notice may be served by mail  *  *  *." Further the presumed possession which follows the legal title is not the actual occupancy required by this statute. (*People ex rel. Turner* v. *Kelsey,* 96 App. Div. 148; revd. on other ground, 180 N. Y. 24; *Witherhead* v. *Ort,* 223 App. Div. 626; affd., without opinion, 249 N. Y. 567.)

Necessarily the occupant must be known, else the grantee cannot serve upon him; the only means of identifying him is by his occupancy. The contemplated actual occupancy requires personal presence on the premises, not necessarily dwelling thereon, but being present when and where the land is put to some use. The owner does not occupy by representation. To constitute actual occupancy the premises must be put to some use to which such premises are ordinarily adapted and which occasions the presence of the occupant more than casually and intermittently. The occupancy must have some continuity, not necessarily uninterrupted, yet there must be some use by some person which will be observable and will identify the occupant. (*Witherhead* v. *Ort, supra; People ex rel. Turner* v. *Kelsey, supra; People ex rel. Marsh* v. *Campbell,* 67 Hun, 590, 592; affd., 143 N. Y. 335; *People ex rel. Chase* v. *Wemple,* 144 id. 478; *Clark* v. *Kirkland,* 133 App. Div. 826, 833; affd., 202 N. Y. 573.) The purpose and wording of the statute indicate this character of occupancy. In *People ex rel. Marsh* v. *Campbell (supra)* Mr. Justice HERRICK said: " The object of the statute, as was said by NELSON, J., in *Comstock* v. *Beardsley* (15 Wend. 348), in speaking of a similar statute, is to ' afford to any person who might happen to be an occupant  *  *  *  an opportunity to redeem, presuming that he was either owner or in some way legally interested in the land.'  *  *  *  The statute seems to have contemplated an actual residence or dwelling house, it might be without claim of title, merely the possession of a squatter, but still the establishment of a household." That case was cited in *Hammond* v. *Van Riper* (156 App. Div. 290), where it was held that a foreign corporation which has the right to maintain a pipe line for transportation of petroleum with right of ingress and egress, but without the right to interfere with the cultivation of the premises or the erection of buildings thereon, was not an actual occupant of the land entitled to notice. In *People ex rel. Keyes* v. *Miller* (90 App. Div. 596) notices had been posted warning people against trespassing and stating that it was a private park; the land sold for taxes was part of a 90,000-acre tract; trails were cut and a boat landing built; the court said: " There was nothing  *  *  * to indicate to the relator that the lot in question was in the ' actual

occupancy' of any one * * *." In *Voss* v. *Martin Coal Co.,* *No. 1* (215 App. Div. 718; modified, but not as to occupancy, 243 N. Y. 545) it was held that the erection of a sign forbidding trespassing and having the owner's name thereon is not sufficient to establish actual occupancy.

The advertising sign in the instant case had been on the premises for some years. It is not found who erected it; the strong preponderance of evidence is that the advertising company erected it. It appears that only twice had any person been on the premises while the sign stood; once when it was erected, and once when it was repainted. This certainly is not an occupancy by a person which would give any notice that the premises were actually occupied at the expiration of the period of redemption. Especially in these days when one traveling on the highways sees, on uncultivated vacant lots, signboards advertising many different kinds of business operated by as many different owners, how could one guess from such occupancy on whom to serve the required notice, without service of which, if this is occupancy, the county treasurer's deed is void? I think it is no more actual occupancy than would be a post driven in the soil or the trespassing signs in the cases above cited.

I think the judgment should be affirmed.

DAVIS, J., concurs.

Judgment reversed on the law and facts, with costs, and judgment directed for the plaintiff, with costs.

The court modifies findings of fact No. 2 by changing the period at the end to a comma and by adding " on the Albany-Schenectady Road, which is a much-traveled road, and that the location of the lots is very suitable for and adapted to advertising purposes; " reverses findings of fact Nos. 8 and 9 and, instead, finds as follows:

8. That a two-way signboard, ten by forty feet in size, was built on the lots in 1920 and thereafter used and maintained thereon.

9. That plaintiff's products were advertised thereon; and reverses all of the conclusions of law, and, instead, concludes as follows:

1. That the lots at the end of the redemption period were in the actual occupancy of plaintiff within the meaning of the law.

2. That the deed thereof from the county treasurer of Schenectady county to plaintiff, duly recorded March 16, 1928, in book No. 351 of Deeds at page 388, vested in said plaintiff, the grantee, an absolute estate in fee therein.

3. That the deed thereof from the county treasurer of Schenectady county to the defendant Charlotte G. Osborne, dated November 18, 1927, and recorded November 22, 1927, vested no title in her and is a nullity.

4. That plaintiff is entitled to judgment that defendant and all claiming under her have no right title or claim to and that she and they and each of them be forever barred of all claim to any estate or interest therein, and that the said deed thereof be canceled and discharged of record, and that defendant and all claim ng under her, be restrained from entering upon, trespassing or destroying any structures erected or to be erected thereon.

5. Judgment is directed accordingly.