Foster, J.
This is an appeal from an order of the Supreme Court, which denied an application of appellant Glen Springs Corporation to review under article 78 of the Civil Practice Act a decision of the respondent,, the treasurer of Schuyler County, which held appellant was not entitled to redeem two parcels of land sold for unpaid taxes.
The appellant here, and petitioner in the court below, was formerly the owner of two parcels of land in the Town of Dix, Schuyler County, New York. There was a cottage on each parcel and the properties were designated as the King cottage and the Gurteen cottage. Both properties were part of a larger hotel property owned by appellant. Both were sold on the 16th day of December, 1943, by the County of Schuyler for nonpayment of 1942 State and county taxes, and were bid in by the county on that date. On the 26th day of November 1945, the county treasurer of Schuyler County conveyed by tax deed the so-called King cottage to James H. Symes and Gertrude R. Symes, his wife. This tax deed was recorded November 27, 1945. On the 10th day of December, 1945, the county treasurer conveyed by tax deed the so-called Gurteen cottage to F. Ambrose Haughey and Josephine Haughey, his wife. This tax deed was recorded December 11, 1945. No notice to redeem, permitted by section 134 of the Tax Law, was ever served by either grantee upon any occupant of either property. On December 6, 1946, appellant tendered to the county treasurer of Schuyler County the sums necessary for the redemption of these properties, if redemption was proper, and presented certain affidavits intended to show occupancy. Pursuant to section 137 of the Tax Law the county treasurer conducted a hearing to determine whether the premises were occupied by any person at the expiration of the one-year redemption period and within the meaning of section 134 of the Tax Law. Oral testimony was taken on the hearing and after due consideration the county treasurer determined that such occupancy did not exist and that appellant had no right of redemption.
Subsequently a proceeding under article 78, resulting in the order appealed from, was taken by appellant. The court below dismissed the application for a review under article 78 *656 on the grounds that the rights- of all parties could be more equitably adjusted in certain actions pending in the Supreme Court of Schuyler County. ' The actions 'mentioned are two actions brought by the grantees of the' tax deeds in question, under article 15 of the Real Property Law, to compel the determination of claims' to real property, and in these actions the appellant and the Village of Watkins Glen' are named as defendants. Plaintiffs in these actions seek to extinguish any claim of title on the part of appellant; and to compel the village to assess the two parcels in question separate from other.property of the Q-len Springs Corporation, and to fix its tax liens thereon.
It is to be noted that the court below did not base its decision upon any grounds specified in section 1285 of the Civil Practice Act. It is clear that the action of the county treasurer was hot made in a civil action or special proceeding by a court of récord;' it was not made in a criminal matter; it finally determined the, rights of the parties insofar' as the right of redemption is concerned; it could not be adequately reviewed by an appeal to any court or some, other body or officer; and the county treasurer was not expressly authorized by any statute to rehear the matter upon appellant’s application. We think, therefore, that-the-reason assigned-By the court below was insufficient to' sustain its order. The county treasurer is • not a party to the actions mentioned, but'above and beyond that a right of redemption is purely statutory and can be exercised, only til the manner the statute prescribes. By virtue of "Ms power to perform the duties devolved upon the department of taxation and finance (Tax Law, § 158), the county treasurer decided, aftqr a 'hearing, that appellant did not come within. the statutory-provisions-permitting a redemption.' It seems clear that appellant is entitled to review this determination under article 78 of'the Civil Practice Act, and cannot be relegated as a matter-of discretion to the position of a defendant in an action brought by the grantee under a tax deed' to determine a claim of title. We hold, therefore, that there" was no discretionary power vested in the court below to dismiss the petition,-for the reason stated. In addition it should be noted, that the determination sought to -be .reviewed was made as a result of a hearing held, at which evidence was taken pursuant to statutory direction. The issue of whether the connty treasurer’s determination was in' conformity with and sustained by the-evidence was necessarily presented. In view of . that situation the matter should have been transferred to tMs court. *657 However, since it is here on appeal from the order of dismissal, we may treat the cause as though it had -been properly transferred in the first instance (Civ. Prac. Act, § 1296).
Under section 127 of the Tax Law the owner or occupant of any lands sold for unpaid taxes may redeem the same from such sale at any time within one year after the last day of the sale. Under section 134 of the same law if the property sold is in the actual occupancy of any person at the time of the expiration of one year given for redemption thereof by section 127 the grantee under the tax deed may serve a written notice on the person occupying the premises, specifying the amount required to redeem the land, and stating that unless such amount is paid within six months after the time of filing evidence of the service of such notice the conveyance will become absolute. Under section 137 of the Tax Law the occupant of any property sold for taxes, at any time before service of the notice specified in section 134 and within two years from the expiration of the year allowed by section 127 for the redemption of the property may redeem the property so occupied by filing satisfactory evidence of its occupancy and paying the amount specified for redemption. That is, if notice to redeem is not served on an occupant as permitted by section 134 the time to redeem is extended to three years under section 137. On an application for redemption under this section evidence may be taken with reference to the occupation of the lands in question. From the language used in sections 134 and 137 the query is suggested whether an owner, who is also an occupant, may take advantage of these sections. At first blush it might appear that section 127 is a Statute of Limitations against an owner, and sections 134 and 137 were intended to apply only to an occupant other than an owner. But both of these sections were exhaustively discussed in the case of Mabie v. Fuller (255 N. Y. 194,. 200), and the question suggested seems to be clearly disposed of by the language in that case. Htjbbs, J., writing for the court, had this to say: “ The second method by which the grantee’s deed may become absolute is contained in section 137. Under that section, if the grantee fails to serve a notice to redeem, such occupant or owner has three years within which to redeem ‘ and not thereafter ’.” (Emphasis supplied.)
In the present case both parcels were sold for nonpayment of taxes on December 16, 1943. The application by appellant to redeem, coupled with evidence of occupation by way of affidavits, was presented to the county treasurer on December 6, 1946, within the three-year period. If the premises were oceu *658 pied within the meaning of section 134 of the Tax Law at the expiration of one year from December 16, 1943, then appellant was entitled to redeem and the decision of the county treasurer was erroneous. i
That brings us to the issue of occupancy. In the consideration of this issue it should be noted first that appellant is a corporation and therefore could only occupy real property through the medium of its officers or employees. The nature of the occupancy contemplated by the statute is not to be narrowly construed, and quite evidently does not mean an actual day-today residence on the property by some individual. As proof of this we have only to go to the language of the statute itself (§ 134) wherein it provides “ If the occupant does not reside in the tax district in which the real estate is situated the notice may be served by mail in the manner required by law in respect to notices of non-acceptance or nonpayment of notes or bills of exchange.” The statute also goes on to say: “ The term ‘ occupant ’ shall be construed to mean a person who has lawfully entered upon the land so occupied, and is in possession of the same to the exclusion of every other person. And the term ‘ occupancy ’ shall mean the actual lawful and exclusive use and possession of such lands and premises by such an occupant.” The proof before the county treasurer clearly indicates that both of the cottage properties involved were owned by appellant. Both were under the supervision of a genera! caretaker, and some items of furniture and personal property were stored in both buildings. Repairs within the means of the owner and the ability of the caretaker were made from time to time. The lots surrounding the buildings were trimmed and cleaned. A representative of the corporate owner had possession of the keys. Several attempts were made by the owner to rent the cottages. Both buildings were insured by' appellant. We think this evidence, which has no contradiction in the record, was sufficient to establish occupancy. On proof less strong than this occupancy was found to have existed (West End Brewing Co. v. Osborne, 227 App. Div. 340). While it is true that occupation is usually evidenced by appropriate use according to the particular locality and quality of the property nevertheless this is not an inflexible rule to be applied irrespective of circumstances. Here the cottages in question were part of a hotel property, and due to circumstances apparently incident to the war and beyond the control of the owner could not be used at the time for strictly hotel purposes. But nevertheless the corporate owner performed the same acts of *659 occupancy and control that any individual would ordinarily have exercised under similar circumstances, i It is urged that appellant is estopped by the conduct and acts of acquiescence by its officers. We think the proof was insufficient to establish estoppel. The only proof worthy of mention on the subject consists of a loose statement said to have been made by Mrs. Leffingwell, a director of the corporation, when she surrendered the keys. The statement attributed to her could not bind the corporation in any event, but its weight is negligible considering the fact that at the time it was made' she was faced by one who was in possession of a tax deed and who demanded the keys to the premises.
It is also urged against the claim of appellant that the grantees under the tax deeds in question have made expensive improvements to the properties, and that their equities cannot be adjusted in this proceeding. We are not called upon in this case to decide any issue relating to this matter. The grantees were charged as a matter of law with notice of the provisions of the Tax Law with regard to redemption. Concededly they failed to serve any notice on appellant under the provisions of section 134 of that law. In failing to serve such a notice they necessarily embraced the risk that appellant might be an occupant of the premises within the meaning of the statute. They cannot now be heard in this proceeding to complain that they have equities which must now be adjusted irrespective of appellant’s statutory right to redeem. Whether they may have relief in some other action we are not required to decide.
The order appealed from should be reversed, and an order granted under article 78 of the Civil Practice act annulling the determination of the Schuyler County Treasurer and directing him to accept the redemption moneys tendered by appellant, and to take all appropriate steps requisite in order to effect a redemption in.appellant’s favor of the two parcels of property involved herein, together with $50 costs and the disbursements of this proceeding.
All concur.
■ Order appealed from reversed on the law and facts, and an order may be entered under article 78 of the Civil Practice Act annulling the determination of the Schuyler County Treasurer and directing him to accept the redemption moneys tendered by appellant, and to take all appropriate steps requisite in order to effect a redemption in appellant’s favor of the two parcels of property involved herein, together with $50 costs and disbursements.